**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NESPRESSO USA, INC.,<br><br>     *Plaintiff*,<br><br> v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>     *Defendant*. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Nespresso USA, Inc. ("Plaintiff" or "Nespresso"), by and through its undersigned counsel, as and for its Complaint against Defendant Williams-Sonoma, Inc. ("Defendant"), hereby alleges as follows based on knowledge of its own actions, and on information and belief as to Defendant's actions (unless indicated otherwise herein):

**NATURE OF THE ACTION**

1. Plaintiff brings this action to ameliorate the actual consumer confusion and damage to the famous NESPRESSO brand that Defendant is causing by selling coffee capsules that are virtually identical, but inferior in quality, to Plaintiff's famous Original NESPRESSO capsule.

2. Plaintiff welcomes third parties who offer consumers different shapes and sizes of coffee capsules to use with their NESPRESSO machines, but it does *not* welcome third parties who compete unfairly in the marketplace by, among other things, suggesting a false affiliation with, endorsement by, sponsorship by, or license relationship with, Nespresso. That is precisely the case here.

3.      For more than a decade, consumers in the United States have been accustomed to encountering NESPRESSO-brand products (including, for example, Plaintiff's iconic, cone-shaped Original NESPRESSO coffee/espresso capsule) inside Defendant's stores and catalogs, and on Defendant's website.  Recognizing that consumers expect to encounter NESPRESSO-brand products in Defendant's stores and catalogs, and on its website, Defendant recently began marketing a cone-shaped coffee capsule that is nearly identical to Plaintiff's iconic Original NESPRESSO coffee capsule.  For example, in Defendant's retail stores, it is marketing its infringing coffee capsule side-by-side with genuine NESPRESSO machines – without a prominent and conspicuous non-affiliation disclaimer – which is causing actual consumer confusion about whether Defendant's infringing coffee capsule is licensed by, affiliated with, endorsed by, or sponsored by, Nespresso.  Consumers are also complaining about the inferior quality of Defendant's infringing coffee capsules, stating that the coffee therein tastes sour and acidic, and does not live up to the famous NESPRESSO brand's quality standards.  Compounding Defendant's bad acts, it is making false and misleading claims about the recyclability of Plaintiff's Original NESPRESSO coffee capsule.

4.      Plaintiff worked diligently over the past month to resolve this dispute without burdening this Court.  Despite Plaintiff's efforts, Defendant refuses to cease its unlawful activities, which are ongoing.  For example, Defendant refuses to change the shape and design of its infringing coffee capsule, even though various shapes and designs of coffee capsules exist in the marketplace that are compatible with NESPRESSO machines.

5.      To ameliorate the actual consumer confusion that Defendant has caused, and will likely continue to cause, as well as to remedy the damage to the famous NESPRESSO brand that Defendant has caused, and will likely continue to cause, Plaintiff brings this action for trademark

2

infringement, trade-dress infringement, trademark dilution, unfair competition, false endorsement, false designation of origin, false association, and false advertising under federal and New York law.   Plaintiff seeks an injunction, an accounting, disgorgement of Defendant's ill-gotten profits, and an award of Plaintiff's damages, attorneys' fees, and costs.

## THE PARTIES

6.     Plaintiff Nespresso USA, Inc. is a Delaware corporation, with a principal place of business at 111 West 33rd Street, 5th Floor, New York, New York 10120, United States.

7.     On information and belief, Defendant is a Delaware corporation, with a principal place of business at 3250 Van Ness Avenue, San Francisco, California 94109.

## JURISDICTION AND VENUE

8.     The claims for trademark infringement, trade-dress infringement, unfair competition, dilution, and false advertising, respectively, asserted in Counts I-IX *infra* arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq.*  Therefore, this Court has subject matter and original jurisdiction over Counts I-IX pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1121.

9.     The claims for trademark infringement, trade-dress infringement, unfair competition, and dilution, respectively, asserted in Counts X-XVIII *infra* arise under New York common law and statutory law, and are so related to the federal claims asserted in Counts I-IX, that they form part of the same case or controversy.   Therefore, this Court has supplemental jurisdiction over Counts X-XVIII, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10.     Upon information and belief, Defendant transacts and solicits business on a regular, systemic, and continuous basis within the State of New York (including within this judicial district), and Nespresso's claims arise out of these transactions and solicitations of business.

Therefore, this Court has personal jurisdiction over Defendant pursuant to § 302(a)(1) of the NEW YORK CIVIL PRACTICE LAW AND RULES ("CPLR").

11.     As alleged *infra*, Defendant has committed tortious acts within the State of New York (including within this judicial district), and Nespresso's claims arise out of these tortious acts.  Therefore, this Court has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(2).

12.     As alleged *infra*, Defendant's wrongful acts and conduct occurred in substantial part in this judicial district.  Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

13.     As alleged *supra*, Defendant is subject to personal jurisdiction in this judicial district.  Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.     Nespresso and its Products**

14.     Nespresso is a prominent and well-recognized producer of single-serve coffee products sold under the NESPRESSO brand.  The NESPRESSO brand is synonymous with high quality, innovation, and cutting-edge design.

15.     For nearly three decades, Nespresso and its affiliate, Nestlé Nespresso SA, have been advertising, marketing, promoting, offering for sale, and selling NESPRESSO-brand coffee and espresso machines, coffee/espresso capsules that are compatible with its machines, consumables, and accessories throughout the world, including the United States(collectively, the "NESPRESSO Products").

**II.    Nespresso's Intellectual Property**

   **A.  The Original NESPRESSO Capsule Trade Dress**

   16.    The NESPRESSO Products include, *inter alia*, the unique and iconic, cone-shaped

Original NESPRESSO capsule:



(the "Original NESPRESSO Capsule")

   17.    As shown in paragraph 16 *supra*, the trade dress that Nespresso uses to identify

itself as the exclusive source of the Original NESPRESSO Capsule consists of: (i) an opaque color;

(ii) a conical top that has a dimple; (iii) sides that slope slightly downward from the conical top at

an angle; (iv) such sides then sloping downward at a straight, 180-agree angle until they meet

merge into the bottom of the Capsule; and (v) a circular bottom that is wider in diameter than the

conical top of the Capsule (the foregoing constituting the "Original NESPRESSO Capsule Trade

Dress").

   18.    As shown *infra*, the Original NESPRESSO Capsule Trade Dress maintains a

consistent overall look and feel throughout Nespresso's line of Original NESPRESSO Capsule

products:



19.     The Original NESPRESSO Capsule Trade Dress is arbitrary and unique.  Indeed, while other third parties sell capsules that are compatible with NESPRESSO Products, all of these third party-capsules vary in shape and design, and feature trade dresses that differ from Plaintiff's Original NESPRESSO Capsule Trade Dress.

20.     The Original NESPRESSO Capsule Trade Dress is aesthetic, and serves no functional purpose.  Indeed, as alleged above, third parties sell capsules in various shapes and designs that are compatible with NESPRESSO Products.

21.     The Original NESPRESSO Capsule Trade Dress is the subject of United States Trademark Application Serial No. 88/215,860.

22.     For nearly three decades, Nespresso and its affiliate, Nestlé Nespresso S.A., have invested (and continue investing) hundreds of millions of dollars on advertising, marketing, and promoting the Original NESPRESSO Capsule throughout the world.   In the United States, Nespresso's advertising, marketing, and promotional efforts include, for example, Internet advertisements, stand-alone Nespresso retail stores in most major U.S. cities, prominent product displays within such high-end stores as Bloomingdale's and Defendant Williams-Sonoma, as well as shopping malls, national television ads that feature celebrity endorsements, and a partnership with Starbucks. Nespresso's aforementioned advertising, marketing, and promotional efforts prominently feature the Original NESPRESSO Capsule Trade Dress.   For example, when consumers enter many of the aforementioned Nespresso boutique stores, they encounter artwork comprised of the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress:



23.     As another example, when consumers encounter many of the aforementioned product displays, they encounter artwork comprised of the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress:



24.     The Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress has enjoyed enormous commercial success throughout the world, including the United States.   Indeed, billions of dollars' worth of the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress have been sold worldwide, and hundreds of millions of dollars' worth have been sold in the United States.

25.     The Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress has been the subjected of widespread, unsolicited media coverage for nearly three decades.  This unsolicited media coverage includes, for example: *The New York Times*; *The Guardian*; *Time*; *Bloomberg*; *Business Insider*; *Mic*; *Environmental Leader*; and *Recycling Today*.

26.     Because of Nespresso's extensive advertising, marketing, and promotional efforts, as well as the commercial success and widespread media coverage of the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress, consumers in the United States associate the Original NESPRESSO Capsule Trade Dress uniquely with Nespresso and recognize the Original NESPRESSO Capsule Trade Dress as identifying Nespresso as the exclusive source of goods featuring such Trade Dress (including, for example, the Original NESPRESSO Capsule).

27.     Because of Nespresso's extensive advertising, marketing, and promotional efforts, as well as the commercial success and widespread media coverage of the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Trade Dress has become widely recognized and famous among consumers in the United States.

**B.  The Original NESPRESSO Capsule Packaging Trade Dress**

28.     One manner in which Nespresso advertises, markets, promotes, offers for sale, and sells its Original NESPRESSO Capsule is in sets of 10 Capsules. 10-sets of the Original NESPRESSO Capsule come in the packaging reproduced *infra*:



29.     As shown in paragraph 28 above, the packaging that Nespresso uses for 10-sets of its Original NESPRESSO Capsule: (i) is black; (ii) is in the shape of a rectangle; (iii) prominently features the NESPRESSO design mark; (iv) has lettering that indicates the flavor of the Original NESPRESSO Capsule inside the package; and (v) features colors on both ends of the package that indicate the flavor of the Original NESPRESSO Capsule in the package (the foregoing constituting the "Original NESPRESSO Capsule Packaging Trade Dress").

30.     The Original NESPRESSO Capsule Packaging Trade Dress is arbitrary and unique.

31.     The Original NESPRESSO Capsule Packaging Trade Dress is aesthetic, and serves no functional purpose.

32.     The Original NESPRESSO Capsule Packaging Trade Dress maintains a consistent overall look and feel throughout Nespresso's line of Original NESPRESSO Capsule products.

33.     For nearly three decades, Nespresso and Nestlé Nespresso S.A. have invested (and continue investing) hundreds of millions of dollars on advertising, marketing, and promoting the

Original NESPRESSO Capsule throughout the world.  In the United States, Nespresso's advertising, marketing, and promotional efforts include, for example, Internet advertisements, stand-alone Nespresso retail stores in most major U.S. cities, prominent product displays within such high-end stores as Bloomingdale's and Defendant Williams-Sonoma, as well as shopping malls, and national television ads that feature celebrity endorsements.  Nespresso's aforementioned advertising, marketing, and promotional efforts prominently feature the Original NESPRESSO Capsule Packaging Trade Dress.

34.     The Original NESPRESSO Capsule packaged in the Original NESPRESSO Capsule Packaging Trade Dress has enjoyed enormous commercial success throughout the world, including the United States.  Indeed, billions of dollars' worth of the Original NESPRESSO Capsule packaged in the Original NESPRESSO Capsule Packaging Trade Dress have been sold worldwide, and hundreds of millions of dollars' worth have been sold in the United States.

35.     The Original NESPRESSO Capsule packaged in the Original NESPRESSO Capsule Packaging Trade Dress has been the subjected of widespread, unsolicited media coverage for nearly three decades.

36.     Because of Nespresso's extensive advertising, marketing, and promotional efforts, as well as the commercial success and widespread media coverage of the Original NESPRESSO Capsule packaged in the Original NESPRESSO Capsule Packaging Trade Dress, consumers in the United States associate the Original NESPRESSO Capsule Packaging Trade Dress uniquely with Nespresso and recognize the Original NESPRESSO Capsule Packaging Trade Dress as identifying Nespresso as the exclusive source of goods packaged in such Trade Dress (including, for example, the Original NESPRESSO Capsule).

### C.  The NESPRESSO Marks

37.    Societe des Produits Nestlé S.A. ("SPN") owns the following United States trademark registrations for the NESPRESSO word and design mark (together, the "NESPRESSO Marks"):

| Mark | Registration No. | Registration Date | Int. Cls. |
|------|------------------|-------------------|-----------|
| NESPRESSO | 1,607,148 (the "'148 Registration") | July 24, 1990 | 7, 11 |
| NESPRESSO | 2,009,751 (the "'751 Registration") | October 22, 1996 | 30 |
| NESPRESSO | 3,813,444 (the "'444 Registration) | July 6, 2010 | 30, 35, 43 |
| NESPRESSO | 4,476,277 (the "'277 Registration) | January 28, 2014 | 11, 30, 35, 43 |
| NESPRESSO | 4,569,765 (the "'765 Registration) | July 15, 2014 | 9, 21 |
| NESPRESSO | 4,760,496 (the "'496 Registration) | June 23, 2015 | 16, 37, 40, 41 |

38.    Attached hereto as **Exhibit A** are true and correct copies of the registration certificates for the '148, '751, '444, '277, '765, and '496 Registrations, respectively.

39.    The '148, '751, '444, '277, '765, and '496 Registrations, respectively, are on the Principal Trademark Register.  *See* Exh. A.

40.    Because the '148, '751, '444, '277, '765, and '496 Registrations, respectively, are on the Principal Trademark Register, all of the NESPRESSO Marks are *prima facie* valid.

41.    The '148 and '751 Registrations are incontestable within the meaning of 15 U.S.C. § 1065.

42. Because the '148 and '751 Registrations are incontestable, the NESPRESSO Marks covered by these two Registrations are conclusively valid.

43. Nestlé Nespresso S.A. is the exclusive licensee of the NESPRESSO Marks.

44. Pursuant to a sub-license from Nestlé Nespresso S.A., Plaintiff Nespresso USA, Inc. has the exclusive right to use, and license third parties to use, the NESPRESSO Marks in the United States to advertise, market, promote, offer for sale, and sell NESPRESSO Products.

45. In at least one instance, this Court has recognized Nespresso's exclusive trademark rights in the NESPRESSO Marks. *See Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC D/B/A Libretto*, No. 1:15-cv-05553, Dkt. 29 at 7, 9-10 (S.D.N.Y. June 2, 2016) (granting default judgment against Libretto and holding, among other things, that Libretto's use of the phrase "Nespresso compatible" prominently to advertise and sell its products constituted trademark infringement).

46. For nearly three decades, Nespresso and Nestlé Nespresso S.A. have invested (and continue investing) hundreds of millions of dollars on advertising, marketing, and promoting NESPRESSO Products throughout the world. In the United States, Nespresso's advertising, marketing, and promotional efforts include, for example, Internet advertisements, stand-alone Nespresso retail stores in most major U.S. cities, prominent product displays within such high-end stores as Bloomingdale's and Defendant Williams-Sonoma, as well as shopping malls, and national television ads that feature celebrity endorsements, and a partnership with Starbucks. Nespresso's aforementioned advertising, marketing, and promotional efforts prominently feature the NESPRESSO Marks.

47. NESPRESSO Products offered under the NESPRESSO Marks have enjoyed enormous commercial success throughout the world, including the United States. Indeed, billions

of dollars' worth of the NESPRESSO Products offered under the NESPRESSO Marks have been sold worldwide, and hundreds of millions of dollars' worth have been sold in the United States.

48.     NESPRESSO Products offered under the NESPRESSO Marks have been the subjected of widespread, unsolicited media coverage for nearly three decades.  This unsolicited media coverage includes, for example: *The New York Times*; *Yahoo*; *New York Magazine*; *Mashable*; *MSN.com*; *Marketwatch*; *The Telegraph*; *Nerd Wallet*; *Wired*; *CNBC.com*; and *The Motley Fool*.

49.     Because of Nespresso's extensive advertising, marketing, and promotional efforts, as well as the commercial success and widespread media coverage of NESPRESSO Products offered under the NESPRESSO Marks, consumers in the United States associate the NESPRESSO Marks uniquely with Nespresso and recognize the NESPRESSO Marks as identifying Nespresso as the exclusive source of goods offered under those Marks.

50.     Because of Nespresso'sextensive advertising, marketing, and promotional efforts, as well as the commercial success and widespread media coverage of NESPRESSO Products offered under the NESPRESSO Marks, the NESPRESSO Marks have become widely recognized and famous among consumers in the United States.

**D.  Nespresso's Extensive Enforcement Efforts**

51.     Plaintiff has the exclusive right to police the marketplace in the United States and enforce the Original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Packaging Trade Dress, and the NESPRESSO Marks, respectively, against third parties.  This exclusive right includes the ability to bring lawsuits against third parties for infringing the Original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Packaging Trade Dress, and/or the NESPRESSO Marks.

52. Plaintiff vigorously enforces its exclusive rights in the Original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Packaging Trade Dress, and the NESPRESSO Marks, respectively, in the United States.

53. For example, in just the past four years, Plaintiff has sent over thirty cease-and-desist letters to third parties for infringing the original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Packaging Trade Dress, and/or the NESPRESSO Marks.

54. As another example of Plaintiff's vigorous enforcement efforts, it has opposed the registration by the United States Patent and Trademark Office of a nearly a dozen infringing "ESPRESSO"-formative marks.

55. As a further example of Plaintiff's vigorous enforcement efforts, it has filed four lawsuits in federal-district courts throughout the United States, including in this judicial district as recently as last month, against third parties for infringing the original NESPRESSO Capsule Trade Dress, the Original NESPRESSO Capsule Packaging Trade Dress, and/or the NESPRESSO Marks.

## III.   Defendant's Unlawful Activities

56. For more than a decade, NESPRESSO Products (including the Original NESPRESSO Capsule, both featuring the Original NESPRESSO Capsule Trade Dress and packaged in the Original NESPRESSO Capsule Packaging Trade Dress) have been prominently featured and displayed in Defendant's stores and catalogs, and on Defendant's website, throughout the United States.  Accordingly, Defendant is aware of the commercial success and fame of the NESPRESSO brand, as well as the fact that consumers expect to encounter NESPRESSO Products in Defendant's stores and catalogs, and on Defendant's website.

57.    As part of Nespresso's regular policing and enforcement efforts, it recently discovered that Defendant is advertising, marketing, and promoting a line of coffee/espresso capsules that are nearly identical to Plaintiff's Original NESPRESSO Capsule.  As alleged herein, Defendant is seeking to generate turn-key brand recognition for its new line of coffee/espresso capsules by trading off (i) the goodwill and fame of the NESPRESO brand, and (ii) consumers' familiarity with encountering NESPRESSO Products in Defendant's stores and catalogs, and on Defendant's website.

### A.  Defendant's Infringing Capsule Trade Dress

58.    Defendant's willful ploy begins with its use of trade dress for a coffee capsule that infringes the Original NESPRESSO Capsule Trade Dress.

59.    Reproduced *infra* is an image of Defendant's infringing coffee capsule:



(the "Infringing Capsule")

60.    Reproduced *infra* is an image of Defendant's Infringing Capsule (inset left) and the Original NESPRESSO Capsule (inset right):

| **Defendant's Infringing Capsule** | **The Original NESPRESSO Capsule** |
|:---:|:---:|
|  |  |

61.     The trade dress that Defendant uses for its Infringing Capsule renders it nearly identical to the Original NESPRESSO Capsule.  For example, as shown in the chart in paragraph 60 *supra*, just like the Original NESPRESO Capsule Trade Dress, the trade dress that Defendant uses for its Infringing Capsule consists of: (i) an opaque color; (ii) a conical top with a dimple; (iii) sides that slope slightly downward from the conical top at an angle; (iv) such sides then sloping downward at a straight, 180-agree angle until they meet merge into the bottom of the capsule; and (v) a circular bottom that is wider in diameter than the conical top of the capsule (hereinafter "Defendant's Infringing Capsule Trade Dress").

62.     As shown in paragraph 60 *supra*, the conical top, dimple, angled and straight sides, and circular bottom of Defendant's Infringing Capsule appear identical in diameter, height, and width to the Original NESPRESSO Capsule.  As also shown in paragraph 60 *supra*, the slight ridges in Defendant's Infringing Capsule fail to distinguish or differentiate Defendant's Infringing Capsule from Nespresso's famous Original NESPRESSO Capsule.

63.     In addition to Defendant using its Infringing Capsule Trade Dress for its Infringing Capsule, Defendant is using a color-and-flavor combination for its Infringing Capsule that mimics the color-and-flavor code that Plaintiff uses for its Original NESPRESSO Capsule (*e.g.*, using a black capsule for Ristretto, and a green capsule for Lungo).

**B. Defendant's Infringing Capsule Packaging Trade Dress**

64.    Defendant's willful ploy also includes using trade dress on the packaging of its Infringing Capsule that infringes the Original NESPRESSO Capsule Packaging Trade Dress.

65.    Reproduced *infra* is an image of the infringing packaging that Defendant uses for its Infringing Capsule:



(the "Infringing Capsule Packaging Trade Dress")

66.    Reproduced *infra* is an image of Defendant's Infringing Packaging Trade Dress (inset left) and the Original NESPRESSO Capsule Packaging Trade Dress (inset right):

| **Defendant's Infringing Capsule Packaging Trade Dress** | **The Original NESPRESSO Capsule Packaging Trade Dress** |
|---|---|
|  |  |

67.     As shown in the chart in paragraph 66 *supra*, just like the Original NESPRESSO Capsule Packaging Trade Dress, Defendant's Infringing Capsule Packaging Trade Dress: (i) is opaque; (ii) has a black background; (iii) is rectangular in shape; (iv) has lettering that indicates the flavor of the espresso inside the package; (v) features colors on both ends of the package that indicate the flavor of espresso in the package; and (vi) contains ten capsules.

**C. Defendant's Unlawful Uses of the NESPRESSO Marks**

68.     Defendant's willful ploy further includes using the NESPRESSO Marks without Nespresso's consent to advertise, market, promote, offer for sale, and sell Defendant's Infringing Capsules.

69.     For example, on the homepage of Defendant's website, it prominently uses the NESPRESSO word mark, followed by the universally recognized registered trademark symbol (*i.e.*, ®), to claim its Infringing Capsule is "COMPATIBLE WITH NESPRESSO® MACHINES":



70.    As shown in the example in paragraph 69 *supra*, Defendant buries a disclaimer in small, inconspicuous wording at the bottom of its website.  On information and belief, Defendant placed the small, inconspicuous disclaimer at the bottom of its website because it knew that consumers were unlikely to see and/or read it when placed in that location.  On information and belief, consumers do not see or read the disclaimer on Defendant's website – before or after they see and read the wording "COMPATIBLE WITH NESPRESSO® MACHINES."

71.    In other instances, Defendant prominently uses the NESPRESSO word mark without any non-affiliation disclaimer.  For example, as recently as last week, Defendant prominently used the NESPRESSO word mark on Instagram without any disclaimer, and in close proximity to images of Defendant's Infringing Capsule, to market and promote its Infringing Capsule:



72.     On information and belief, Defendant uses the NESPRESSO word mark to promote its Infringing Capsule without a non-affiliation disclaimer to create the false impression that there is an association or affiliation between Defendant's Infringing Capsule and the Original NESPRESSO Capsule and/or to falsely suggest that the Infringing Capsule is a licensed Original NESPRESSO Capsule.

**D.  Defendant's Marketing Scheme**

73.     In furtherance of Defendant's willful ploy, Defendant created and uses a multi-faceted marketing scheme designed to create a likelihood of confusion, and that is causing actual confusion, in the marketplace about the source, origin, sponsorship, approval, and association of the parties' products.

74.     For example, on the homepage of Defendant's website, it prominently displays an image of a NESPRESSO Product and images of Original NESPRESSO Capsules:



75. When visitors to Defendant's website click on the image of the NESPRESSO Product and/or the images of Original NESPRESSO Capsules shown in paragraph 74 *supra*, Defendant redirects them to a section of Defendant's website that offers NESPRESSO Products for sale:



76.     As shown in paragraph 75 *supra*, the advertisements for the NESPRESSO Products include images of the Original NESPRESSO Capsules.  Having captured consumers' interest in purchasing NESPRESSO Products (including, for example, Original NESPRESSO Capsules) with these images, Defendant then includes an image of its April 2019 catalog directly adjacent to images of Original NESPRESSO Capsules.  As shown in paragraph 75 *supra*, the cover of Defendant's April 2019 catalog prominently displays Defendants' Infringing Capsule.  On information and belief, Defendant includes an image of the cover of its April 2019 catalog directly adjacent to images of the Original NESPRESSO Capsule to create the false impression that there is an association or affiliation between Defendant's Infringing Capsule and the Original NESPRESSO Capsule and/or to falsely suggest that the Infringing Capsule shown on the cover of Defendant's April 2019 catalog is a licensed Original NESPRESSO Capsule.

77.     As shown *supra*, and *infra*, images of Defendant's Infringing Capsule glossed the cover of the physical and electronic versions of Defendant's April 2019 catalog:



78.     As shown *infra*, on the inside cover of the electronic version of Defendant's April 2019 catalog, Defendant promoted its Infringing Capsule as "Compatible With Nespresso Machines," but without a non-affiliation disclaimer:



79.     As shown *infra*, on the inside cover of the physical version of Defendant's April 2019 catalog, and on page three of the electronic version of Defendant's April 2019 catalog, Defendant included images of the Infringing Capsule in a color-and-flavor combination that mimic the color-and-flavor-code that Nespresso uses for its Original NESPRESSO Capsule (*e.g.*, black for Ristretto, and green for Lungo):



80.    As shown *infra*, immediately after promoting Defendant's Infringing Capsule, on page three of the physical version of Defendant's April 2019 catalog (inset left), and on page four of the electronic version of Defendant's April 2019 catalog (inset right), Defendant uses the NESPRESSO word mark, and displays images of NESPRESSO Products (including, for example, the Original NESPRESSO Capsule featuring the Original NESPRESSO Capsule Trade Dress):



81.     On information and belief, Defendant uses the aforementioned marketing scheme in the physical and electronic versions of its April 2019 catalogs to create the false impression that there is an association or affiliation between Defendant's Infringing Capsule and the Original NESPRESSO Capsule and/or to falsely suggest that the Infringing Capsule is a licensed Original NESPRESSO Capsule.

82.     As another example, in Defendant's retail stores, it displays its Infringing Capsule, featuring Defendant's Infringing Trade Dress and packaged in Defendant's Infringing Packaging Trade Dress, directly next to NESPRESSO Products without a non-affiliation disclaimer:



83.     On information and belief, Defendant is displaying its Infringing Capsule, featuring Defendant's Infringing Trade Dress and packaged in Defendant's Infringing Packaging Trade Dress, directly next to NESPRESSO Products without a non-affiliation disclaimer in Defendant's retail stores to create the false impression that there is an association or affiliation between Defendant's Infringing Capsule and the Original NESPRESSO Capsule and/or to falsely suggest that the Infringing Capsule is a licensed Original NESPRESSO Capsule.

**E.  Defendant is Causing Actual Confusion in the Marketplace**

84.     Defendant's advertising, marketing, and promotional activities are causing actual confusion in the marketplace.  For example, as shown below, a consumer mistakenly believed that Defendant's Infringing Capsule was a licensed version of the Original NESPRESSO Capsule:



85.     As another example, as shown below, a consumer mistook Defendant's Infringing Capsule for Plaintiff's Original NESPRESSO Capsule:



86.     As a further example, as shown below, a consumer mistakenly believed that Defendant's Infringing Capsule was part of a "collaboration" between Defendant and Nespresso:



**F. The Inferior Quality of Defendant's Infringing Capsule and the Coffee Therein are Damaging the Reputation of the Famous NESPRESSO Brand**

87.     Defendant's Infringing Capsule, and the coffee/espresso therein, is/are inferior in quality to Plaintiff's Original NESPRESSO Capsule and the coffee/espresso contained therein. For example, as shown *infra*, consumers have complained that the coffee/espresso contained within Defendant's Infringing Capsule is "acidic/sour tasting"; that the water flow through Defendant's Infringing Capsule "is atrocious"; that Defendant's Infringing Capsule delivers a "watery flavor"; and that Defendant's Infringing Capsules came packaged with dents in them:



88. The inferior quality of Defendant's Infringing Capsule and the coffee therein are damaging the reputation of the famous NESPRESSO brand. For example, as shown *infra*, a consumer stated that Defendant's Infringing Capsule does "not live up to Nespresso standards":



### G. Defendant's False Advertising

89.    To further divert sales from Nespresso to Defendant, Defendant has made false and misleading advertisements about the nature, characteristics, and qualities of NESPRESSO Products.

90.    For example, as shown in the image reproduced *infra*, Defendant advertised that, "[u]nlike Nespresso capsules, which have a silicone ring that alleviates leakage, William-Sonoma's eco-friendly capsules are 100% aluminum and fully recyclable":

> **Please note that water may leak out of the machine before coffee comes out.** This is normal with certain machines – and has no impact on the flavor, texture or taste of your coffee. Nespresso offers a wide variety of different machines. We've optimized our capsules to fit the most popular models, so a small amount of leakage may occur with some of Nespresso's other machines. Unlike Nespresso capsules, which have a silicone ring that alleviates leakage, Williams Sonoma's eco-friendly capsules are 100% aluminum and fully recyclable.

("Defendant's Advertisement")

91.    All Original NESPRESSO Capsules are 100% recyclable.    Accordingly, Defendant's Advertisement is false and misleading.

92.    Defendant published its false and misleading Advertisement on its website, which is publicly available throughout the United States.   On information and belief, hundreds of thousands, if not millions, of consumers in the United States have viewed Defendant's false and misleading Advertisement on Defendant's website.

93.    In today's climate, whether or not a product is environmentally friendly has a material and direct effect on whether consumers purchase the product.  On information and belief, Defendant published its false and misleading Advertisement for the purpose of misleading consumers into believing that Plaintiff's Original NESPRESSO Capsule is not environmentally

friendly and/or for the purpose of misleading consumers into believing that Defendant's Infringing Capsule is more environmentally friendly than Plaintiff's Original NESPRESSO Capsule.

94.      On information and belief, consumers purchased Defendant's Infringing Capsule instead of Plaintiff's Original NESPRESSO Capsule because of Defendant's false and misleading Advertisement.

## IV.    Nespresso's Efforts to Settle this Matter

95.      Shortly after discovering the April 2019 catalog, Plaintiff sent Defendant a letter on April 10, 2019, addressing Defendant's conduct complained of herein, and expressing disappointment and concern that a long-standing retail partner, such as Defendant, would knowingly pilfer the NESPRESSO brand for its own commercial gain.

96.      Defendant responded on April 21, 2019, agreeing to make some modest concessions, but refusing to remediate the myriad infringements alleged herein.

97.      Nespresso responded with a still further letter, maintaining its demands, and informing Defendant that it would turn the matter over to outside counsel, if necessary.

98.      On May 2, 2019, Defendant wrote Plaintiff a letter, indicating that it would not cease its conduct complained of herein.

99.      Accordingly, Plaintiff brings the claims for relief herein, based on all of the allegations above, to ameliorate the confusion that Defendant is sowing in the marketplace, as well as the harm that Defendant has caused, and will continue causing, Nespresso.

## CLAIMS FOR RELIEF

### COUNT I

*(Federal Trademark Infringement Under 15 U.S.C. § 1114(1))*

100.   Nespresso incorporates the allegations set forth in paragraphs 1 – 99 of the Complaint as though set forth fully herein.

101.   Count I is for federal trademark infringement under 15 U.S.C. § 1114.

102.   Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

103.   Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any mark that consists of NESPRESSO in whole and/or in part.

104.   The NESPRESSO Marks are inherently distinctive.

105.   The NESPRESSO Marks have acquired distinctiveness.

106.   Defendant is reproducing and using the NESPRESSO Marks in their entirety to manufacture, distribute, advertise, market, promote, offer for sale, and/or sell Defendant's Infringing Capsule.

107.   Defendant's Infringing Capsule is nearly identical in shape and design to Nespresso's Original NESPRESSO Capsule.

108.   Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule appeal to overlapping customer bases, namely, coffee drinkers.

109.   Consumers encounter Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule in overlapping and, in some instances, identical, trade channels.

110.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, for example, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or cause deception about the source, origin, sponsorship, approval, endorsement, affiliation, association, and/or quality of Defendant's Infringing Capsule.

111.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, for example, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or cause deception about the source, origin, sponsorship, approval, endorsement, affiliation, association, and/or quality of Nespresso's Original NESPRESSO Capsule.

112.    Nespresso has not consented to Defendant's use(s) of the NESPRESSO Marks for any purpose.

113.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the NESPRESSO Marks prior to Defendant's adoption and use of the NESPRESSO Marks, and continues to use the NESPRESSO Marks with actual knowledge of its infringing conduct.

114.    Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products offered under the NESPRESSO Marks (including, without limitation, the Original NESPRESSO Capsule).

115.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the NESPRESSO Marks in interstate commerce, to which Defendant is not entitled at law or in equity.

116.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(a).

117.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

118.    Nespresso has no adequate remedy at law.

## COUNT II

*(Federal Trade-Dress Infringement Under 15 U.S.C. § 1125(a))*

119.    Nespresso incorporates the allegations set forth in paragraphs 1 – 118 of the Complaint as though set forth fully herein.

120.    Count II is for federal trade-dress infringement under 15 U.S.C. § 1125(a).

121.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

122.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Capsule Trade Dress.

123.    The Original NESPRESSO Capsule Trade Dress has acquired distinctiveness.

124.    The Original NESPRESSO Capsule Trade Dress is non-functional.

125.    Defendant's Infringing Capsule Trade Dress constitutes a symbol or device within the meaning of 15 U.S.C. § 1125(a).

126.     Defendant's Infringing Capsule Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Trade Dress.

127.     Products featuring Defendant's Infringing Capsule Trade Dress, and products featuring Nespresso's Original NESPRESSO Capsule Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

128.     Consumers encounter products featuring Defendant's Infringing Capsule Trade Dress, and products featuring the Original NESPRESSO Capsule Trade Dress, in overlapping and, in some instances, identical, trade channels.

129.     Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

130.     Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original

NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

131.     Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or are offered under a license from, Plaintiff or vice versa.

132.     Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Trade Dress for any purpose.

133.     Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Trade Dress with actual knowledge of its infringing conduct.

134.     Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

135.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

136.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress infringement in violation of 15 U.S.C. § 1125(a).

137.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

138.    Nespresso has no adequate remedy at law.

## COUNT III

*(Federal Trade-Dress Infringement Under 15 U.S.C. § 1125(a))*

139.    Nespresso incorporates the allegations set forth in paragraphs 1 – 138 of the Complaint as though set forth fully herein.

140.    Count III is for federal trade-dress infringement under 15 U.S.C. § 1125(a).

141.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Packaging Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

142.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Packaging Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

143.    The Original NESPRESSO Capsule Packaging Trade Dress is inherently distinctive.

144.    The Original NESPRESSO Capsule Packaging Trade Dress has acquired distinctiveness.

145.    The Original NESPRESSO Capsule Packaging Trade Dress is non-functional.

146.    Defendant's Infringing Capsule Packaging Trade Dress constitutes a symbol or device within the meaning of 15 U.S.C. § 1125(a).

147.    Defendant's Infringing Capsule Packaging Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Packaging Trade Dress.

148.    Products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in Nespresso's Original NESPRESSO Capsule Packaging Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

149.    Consumers encounter products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in the Original NESPRESSO Capsule Packaging Trade Dress, in overlapping and, in some instances, identical, trade channels.

150.    Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

151.    Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or

deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

152.    Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

153.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

154.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Packaging Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Packaging Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

155.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Packaging Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and

commercial success of products packaged in the Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

156.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Packaging Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

157.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress infringement in violation of 15 U.S.C. § 1125(a).

158.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

159.    Nespresso has no adequate remedy at law.

## COUNT IV

*(Federal Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under 15 U.S.C. § 1125(a))*

160.    Nespresso incorporates the allegations set forth in paragraphs 1 – 159 of the Complaint as though set forth fully herein.

161.    Count IV is for federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a).

162.    Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

163.    Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any mark that consists of NESPRESSO in whole and/or in part.

164.    The NESPRESSO Marks are inherently distinctive.

165.    The NESPRESSO Marks have acquired distinctiveness.

166.    Defendant is reproducing and using the NESPRESSO Marks in their entirety to manufacture, distribute, advertise, market, promote, offer for sale, and/or sell Defendant's Infringing Capsule.

167.    Defendant's Infringing Capsule is nearly identical in shape and design to Nespresso's Original NESPRESSO Capsule.

168.    Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule appeal to overlapping customer bases, namely, coffee drinkers.

169.    Consumers encounter Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule in overlapping and, in some instances, identical, trade channels.

170.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or Nespresso's Original NESPRESSO Capsule.

171.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or Defendant's Infringing Capsule are affiliated, connected, and/or associated with Nespresso and/or Nespresso's Original NESPRESSO Capsule.

172.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for

sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant's Infringing Capsules originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

173.    Nespresso has not consented to Defendant's use(s) of the NESPRESSO Marks for any purpose.

174.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the NESPRESSO Marks prior to Defendant's adoption and use of the NESPRESSO Marks, and Defendant continues using the NESPRESSO Marks with actual knowledge of its infringing conduct.

175.    Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products offered under the NESPRESSO Marks (including, without limitation, the Original NESPRESSO Capsule).

176.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the NESPRESSO Marks in interstate commerce, to which Defendant is not entitled at law or in equity.

177.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a).

178.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

179.    Nespresso has no adequate remedy at law.

## COUNT V

*((Federal Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under 15 U.S.C. § 1125(a))*

180.    Nespresso incorporates the allegations set forth in paragraphs 1 – 179 of the Complaint as though set forth fully herein.

181.    Count V is for federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a).

182.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

183.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

184.    The Original NESPRESSO Capsule Trade Dress has acquired distinctiveness.

185.    The Original NESPRESSO Capsule Trade Dress is non-functional.

186.    Defendant's Infringing Capsule Trade Dress constitutes a symbol or device within the meaning of 15 U.S.C. § 1125(a).

187.    Defendant's Infringing Capsule Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Trade Dress.

188.    Products featuring Defendant's Infringing Capsule Trade Dress, and products featuring Nespresso's Original NESPRESSO Capsule Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

189.    Consumers encounter products featuring Defendant's Infringing Capsule Trade Dress, and products featuring the Original NESPRESSO Capsule Trade Dress, in overlapping and, in some instances, identical, trade channels.

190.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

191.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is  likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

192.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing

Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

193.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Trade Dress for any purpose.

194.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Trade Dress with actual knowledge of its infringing conduct.

195.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

196.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

197.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a).

198.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

199.    Nespresso has no adequate remedy at law.

## COUNT VI

*((Federal Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under 15 U.S.C. § 1125(a))*

200.    Nespresso incorporates the allegations set forth in paragraphs 1 – 199 of the Complaint as though set forth fully herein.

201.    Count VI is for federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a).

202.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Packaging Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

203.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Packaging Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

204.    The Original NESPRESSO Capsule Packaging Trade Dress is inherently distinctive.

205.    The Original NESPRESSO Capsule Packaging Trade Dress has acquired distinctiveness.

206.    The Original NESPRESSO Capsule Packaging Trade Dress is non-functional.

207.    Defendant's Infringing Capsule Packaging Trade Dress constitutes a symbol or device within the meaning of 15 U.S.C. § 1125(a).

208.     Defendant's Infringing Capsule Packaging Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Packaging Trade Dress.

209.     Products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in Nespresso's Original NESPRESSO Capsule Packaging Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

210.     Consumers encounter products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in the Original NESPRESSO Capsule Packaging Trade Dress, in overlapping and, in some instances, identical, trade channels

211.     Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

212.     Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or

products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

213.   Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

214.   Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

215.   Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Packaging Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Packaging Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

216.   Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Packaging Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products packaged in the Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

217.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Packaging Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

218.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a).

219.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

220.    Nespresso has no adequate remedy at law.

## COUNT VII

*(Federal Trademark Dilution Under 15 U.S.C. § 1125(c))*

221.    Nespresso incorporates the allegations set forth in paragraphs 1 – 220 of the Complaint as though set forth fully herein.

222.    Count VII is for federal trademark dilution under 15 U.S.C. § 1125(c).

223.    Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

224.    Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any marks that consists of NESPRESSO in whole and/or in part.

225.    The NESPRESSO Marks are inherently distinctive.

226.    The NESPRESSO Marks have acquired distinctiveness.

227.    The NESPRESSO Marks are famous among the general consuming public for NESPRSSO Products (including, without limitation, the Original NESPRESSO Capsule).

228.    The NESPRESSO Marks were famous when Defendant began using the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule).

229.    Defendant's use(s) of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is likely to dilute the distinctive quality of the famous NESPRSSO Marks, such that famous NESPRESSO Marks' established selling power and value, as well as their ability to exclusively identify Nespresso as the source of NESPRESSO Products (including, without limitation, the Original NESPRESSO Capsule) will be whittled away, and/or likely to dilute the reputation of the famous NESPRESSO Marks, such that famous NESPRESSO Marks' established ability to indicate the superior quality of NESPRESSO Products offered such Marks (including, without limitation, the Original NESPRESSO Capsule), will be whittled away.

230.    Nespresso has not consented to Defendant's use(s) of the famous NESPRESSO Marks for any purpose.

231.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the famous NESPRESSO Marks prior to Defendant's adoption and use of such famous Marks, and Defendant continues using the famous NESPRESSO Marks with actual knowledge of its infringing conduct.

232.    Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, commercial success, and fame of

Nespresso Products offered under the NESPRSSO Marks (including, without limitation, the Original NESPRESSO Capsule).

233.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the famous NESPRESSO Marks, to which Defendant is not entitled at law or in equity.

234.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

235.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

236.    Nespresso has no adequate remedy at law.

## COUNT VIII

*(Federal Trade-Dress Dilution Under 15 U.S.C. § 1125(c))*

237.    Nespresso incorporates the allegations set forth in paragraphs 1 – 236 of the Complaint as though set forth fully herein.

238.    Count VIII is for federal trade-dress dilution under 15 U.S.C. § 1125(c).

239.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for the NESPRESSO Products.

240.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Capsule Trade Dress.

241.    The Original NESPRESSO Capsule Trade Dress has acquired distinctiveness.

242.    The Original NESPRESSO Capsule Trade Dress is non-functional.

243.    The Original NESPRESSO Capsule Trade Dress is famous among the general consuming public when featured on the NESPRESSO Products (including, without limitation, the Original NESPRESSO Capsule).

244.    The Original NESPRESSO Capsule Trade Dress was famous when Defendant began using Defendant's Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of  products (including, without limitation, Defendant's Infringing Capsule).

245.    Defendant's use of Defendant's Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is likely to dilute the distinctive quality of the famous Original NESPRESSO Capsule Trade Dress such that famous Original NESPRESSO Capsule Trade Dress' established selling power and value, as well as its ability to exclusively identify Nespresso as the source of NESPRESSO Products featuring the famous Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule) will be whittled away, and/or likely to dilute the reputation of the famous Original NESPRESSO Capsule Trade Dress, such that famous Original NESPRESSO Capsule Trade Dress' established ability to indicate the superior quality of NESPRESSO Products featuring such Trade Dress (including, without limitation, the Original NESPRESSO Capsule), will be whittled away.

246.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

247.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the famous Original NESPRESSO

Capsule Packaging Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Packaging Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

248.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, commercial success, and fame of Nespresso Products featuring the famous Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

249.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of Defendant's Infringing Capsule Trade Dress, to which Defendant is not entitled at law or in equity.

250.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress dilution in violation of 15 U.S.C. § 1125(c).

251.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

252.    Nespresso has no adequate remedy at law.

## COUNT IX

*(Federal False Advertising Under 15 U.S.C. § 1125(a)(1)(B)*

253.    Nespresso incorporates the allegations set forth in paragraphs 1 – 252 of the Complaint as though set forth fully herein.

254.    Count IX is for federal false advertising under 15 U.S.C. § 1125(a)(1)(B).

255.    Defendant's Advertisement constitutes commercial advertising and/or commercial promotion.

256.   Defendant' Advertisement is false and misleading.

257.   Defendant's Advertisement is material to consumers' decision to purchase Defendant's Infringing Capsule and/or the Original NESPRESSO Capsule.

258.   Defendant's Advertisement is likely to deceive consumers into believing that the Originally NESPRESSO Capsule is not environmentally friendly and/or that Defendant's Infringing Capsule is more environmentally friendly that the Original NESPRESSO Capsule.

259.   Defendant placed its Advertisement into interstate commerce by, *inter alia*, publishing the Advertisement on Defendant's website, which is publicly available and accessible to consumers throughout the United States.

260.   Defendant's Advertisement has directly and/or proximately caused and/or is likely to cause Plaintiff to suffer harm in the form of lost sales of NESPRESSO Products, as well as irreparable diminution to the NESPRESSO brand's reputation, fame, and goodwill.

261.   Upon information and belief, Defendant's acts and conduct complained of herein constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

262.   Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

263.   Nespresso has no adequate remedy at law.

## COUNT X

*(Trademark Infringement Under New York Common Law)*

264.   Nespresso incorporates the allegations set forth in paragraphs 1 – 263 of the Complaint as though set forth fully herein.

265.   Count X is for trademark infringement under New York common law.

266.    Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

267.    Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any mark that consists of NESPRESSO in whole and/or in part.

268.    The NESPRESSO Marks are inherently distinctive.

269.    The NESPRESSO Marks have acquired distinctiveness.

270.    Defendant is reproducing and using the NESPRESSO Marks in their entirety to manufacture, distribute, advertise, market, promote, offer for sale, and/or sell Defendant's Infringing Capsule.

271.    Defendant's Infringing Capsule is nearly identical in shape and design to Nespresso's Original NESPRESSO Capsule.

272.    Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule appeal to overlapping customer bases, namely, coffee drinkers.

273.    Consumers encounter Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule in overlapping and, in some instances, identical, trade channels.

274.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, for example, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or cause deception about the source, origin, sponsorship, approval, endorsement, affiliation, association, and/or quality of Defendant's Infringing Capsule.

275.     Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, for example, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or cause deception about the source, origin, sponsorship, approval, endorsement, affiliation, association, and/or quality of Nespresso's Original NESPRESSO Capsule.

276.     Nespresso has not consented to Defendant's use(s) of the NESPRESSO Marks for any purpose.

277.     Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the NESPRESSO Marks prior to Defendant's adoption and use of the NESPRESSO Marks, and continues to use the NESPRESSO Marks with actual knowledge of its infringing conduct.

278.     Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products offered under the NESPRESSO Marks (including, without limitation, the Original NESPRESSO Capsule).

279.     Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the NESPRESSO Marks in interstate commerce, to which Defendant is not entitled at law or in equity.

280.     Upon information and belief, Defendant's acts and conduct complained of herein constitute trademark infringement in violation of New York common law.

281.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

282.    Nespresso has no adequate remedy at law.

## COUNT XI

*(Trade-Dress Infringement Under New York Common Law)*

283.    Nespresso incorporates the allegations set forth in paragraphs 1 – 282 of the Complaint as though set forth fully herein.

284.    Count XI is for trade-dress infringement under New York common law.

285.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

286.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Capsule Trade Dress.

287.    The Original NESPRESSO Capsule Trade Dress has acquired distinctiveness.

288.    The Original NESPRESSO Capsule Trade Dress is non-functional.

289.    Defendant's Infringing Capsule Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Trade Dress.

290.    Products featuring Defendant's Infringing Capsule Trade Dress, and products featuring Nespresso's Original NESPRESSO Capsule Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

291.    Consumers encounter products featuring Defendant's Infringing Capsule Trade Dress, and products featuring the Original NESPRESSO Capsule Trade Dress, in overlapping and, in some instances, identical, trade channels.

292.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

293.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

294.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing

Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

295.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Trade Dress for any purpose.

296.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Trade Dress with actual knowledge of its infringing conduct.

297.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

298.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

299.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress infringement in violation of New York common law.

300.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

301.    Nespresso has no adequate remedy at law.

## COUNT XII

*(Trade-Dress Infringement Under New York Common Law)*

302.    Nespresso incorporates the allegations set forth in paragraphs 1 – 301 of the Complaint as though set forth fully herein.

303.    Count XII is for trade-dress infringement under New York common law.

304.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Packaging Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

305.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Packaging Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

306.    The Original NESPRESSO Capsule Packaging Trade Dress is inherently distinctive.

307.    The Original NESPRESSO Capsule Packaging Trade Dress has acquired distinctiveness.

308.    The Original NESPRESSO Capsule Packaging Trade Dress is non-functional.

309.    Defendant's Infringing Capsule Packaging Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Packaging Trade Dress.

310.    Products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in Nespresso's Original NESPRESSO Capsule Packaging Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

311.   Consumers encounter products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in the Original NESPRESSO Capsule Packaging Trade Dress, in overlapping and, in some instances, identical, trade channels.

312.   Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

313.   Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

314.   Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation,

Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

315.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

316.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Packaging Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

317.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Packaging Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products packaged in the Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

318.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Packaging Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

319.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress infringement in violation of New York common law.

320. Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

321. Nespresso has no adequate remedy at law.

## COUNT XIII

*(Unfair Competition and Passing Off Under New York Common Law)*

322. Nespresso incorporates the allegations set forth in paragraphs 1 – 321 of the Complaint as though set forth fully herein.

323. Count XIII is for unfair competition and passing off under New York common law.

324. Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

325. Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any marks that consists of NESPRESSO in whole and/or in part.

326. The NESPRESSO Marks are inherently distinctive.

327. The NESPRESSO Marks have acquired distinctiveness.

328. Defendant is reproducing and using the NESPRESSO Marks in their entirety to manufacture, distribute, advertise, market, promote, offer for sale, and sell the Infringing Capsule.

329. Defendant's Infringing Capsule is nearly identical to Nespresso's Original NESPRESSO Capsule.

330. Consumers encounter Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule in overlapping and, in some instances, identical, trade channels.

331. Defendant's Infringing Capsule and Nespresso's Original NESPRESSO Capsule appeals to overlapping customer bases, namely, coffee drinkers.

332.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or Nespresso's Original NESPRESSO Capsule.

333.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or Defendant's Infringing Capsule are affiliated, connected, and/or associated with Nespresso and/or Nespresso's Original NESPRESSO Capsule.

334.    Defendant's use of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of Defendant's Infringing Capsule is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant's Infringing Capsules originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

335.    Nespresso has not consented to Defendant's use(s) of the NESPRESSO Marks for any purpose.

336.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the NESPRSSO Marks prior to

Defendant's adoption and use of such Marks, and Defendant continues using the NESPRESSO Marks with actual knowledge of its infringing conduct.

337.    Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products offered under the NESPRESSO Marks (including, for example, the Original NESPRESSO Capsule).

338.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the NESPRESSO Marks in interstate commerce, to which Defendant is not entitled at law or in equity.

339.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and passing off in violation of New York common law.

340.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

341.    Nespresso has no adequate remedy at law.

## COUNT XIV

*(Unfair Competition and Passing Off Under New York Common Law)*

342.    Nespresso incorporates the allegations set forth in paragraphs 1 – 341 of the Complaint as though set forth fully herein.

343.    Count XIV is for unfair competition and passing off under New York common law.

344.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

345.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

346.    The Original NESPRESSO Capsule Trade Dress has acquired distinctiveness.

347.    The Original NESPRESSO Capsule Trade Dress is non-functional.

348.    Defendant's Infringing Capsule Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Trade Dress.

349.    Products featuring Defendant's Infringing Capsule Trade Dress, and products featuring Nespresso's Original NESPRESSO Capsule Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

350.    Consumers encounter products featuring Defendant's Infringing Capsule Trade Dress, and products featuring the Original NESPRESSO Capsule Trade Dress, in overlapping and, in some instances, identical, trade channels.

351.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

352.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion,

offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

353.    Defendant's use of the Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

354.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Trade Dress for any purpose.

355.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Trade Dress with actual knowledge of its infringing conduct.

356.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and

bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

357.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

358.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and passing off in violation of New York common law.

359.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

360.    Nespresso has no adequate remedy at law.

<u>**COUNT XV**</u>

*(Unfair Competition and Passing Off Under New York Common Law)*

361.    Nespresso incorporates the allegations set forth in paragraphs 1 – 360 of the Complaint as though set forth fully herein.

362.    Count XV is for unfair competition and passing off under New York common law.

363.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Packaging Trade Dress in United States commerce for the NESPRESSO Products (including, for example, the Original NESPRESSO Capsule).

364.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Packaging Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Trade Dress.

365.    The Original NESPRESSO Capsule Packaging Trade Dress is inherently distinctive.

366.    The Original NESPRESSO Capsule Packaging Trade Dress has acquired distinctiveness.

367.    The Original NESPRESSO Capsule Packaging Trade Dress is non-functional.

368.    Defendant's Infringing Capsule Packaging Trade Dress is nearly identical to Nespresso's Original NESPRESSO Capsule Packaging Trade Dress.

369.    Products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in Nespresso's Original NESPRESSO Capsule Packaging Trade Dress, appeal to overlapping customer bases, namely, coffee drinkers.

370.    Consumers encounter products packaged in Defendant's Infringing Capsule Packaging Trade Dress, and products packaged in the Original NESPRESSO Capsule Packaging Trade Dress, in overlapping and, in some instances, identical, trade channels

371.    Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is Nespresso, and/or that Defendant is a licensee, authorized distributor, and/or affiliate of Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

372.    Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising,

marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant and/or products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) are affiliated, connected, and/or associated with Nespresso and/or products featuring Nespresso's Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

373.   Defendant's use of the Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is causing and is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that products featuring Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule) originate with, and/or are sponsored or approved by, and/or offered under a license from, Plaintiff or vice versa.

374.   Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

375.   Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRESSO Capsule Packaging Trade Dress prior to Defendant's adoption and use of the Infringing Capsule Packaging Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

376.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Packaging Trade Dress in interstate commerce in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of NESPRESSO Products packaged in the Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

377.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the Infringing Capsule Packaging Trade Dress in interstate commerce, to which Defendant is not entitled at law or in equity.

378.    Upon information and belief, Defendant's acts and conduct complained of herein constitute unfair competition and passing off in violation of New York common law.

379.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

380.    Nespresso has no adequate remedy at law.

## COUNT XVI

*(Dilution Under NEW YORK GENERAL BUSINESS LAW § 360-l)*

381.    Nespresso incorporates the allegations set forth in paragraphs 1 – 380 of the Complaint as though set forth fully herein.

382.    Count XVI is for dilution under NEW YORK GENERAL BUSINESS LAW § 360-*l*.

383.    Nespresso has the exclusive right to use the NESPRESSO Marks in United States commerce for the NESPRESSO Products.

384.    Nespresso's exclusive rights in and to the NESPRESSO Marks predate any rights that Defendant could establish in and to any marks that consists of NESPRESSO in whole and/or in part.

385.   The NESPRESSO Marks are inherently distinctive.

386.   The NESPRESSO Marks have acquired distinctiveness.

387.   Defendant's use(s) of the NESPRESSO Marks in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is likely to dilute the distinctive quality of the NESPRSSO Marks such that NESPRESSO Marks' established selling power and value, as well as their ability to exclusively identify Nespresso as the source of NESPRESSO Products (including, without limitation, the Original NESPRESSO Capsule) will be whittled away, and/or likely to dilute the reputation of the NESPRESSO Marks, such that the NESPRESSO Marks' established ability to indicate the superior quality of NESPRESSO Products offered such Marks (including, without limitation, the Original NESPRESSO Capsule), will be whittled away.

388.   Nespresso has not consented to Defendant's use(s) of the NESPRESSO Marks for any purpose.

389.   Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the NESPRSSO Marks prior to Defendant's adoption and use of such Marks, and Defendant continues using the NESPRESSO Marks with actual knowledge of its infringing conduct.

390.   Upon information and belief, Defendant copied, adopted, and/or uses the NESPRESSO Marks in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of Nespresso Products offered under the NESPRSSO Marks (including, without limitation, the Original NESPRESSO Capsule).

391.     Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of the famous NESPRESSO Marks, to which Defendant is not entitled at law or in equity.

392.     Upon information and belief, Defendant's acts and conduct complained of herein constitute trademark dilution in violation of NEW YORK GENERAL BUSINESS LAW § 360-*l*.

393.     Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

394.     Nespresso has no adequate remedy at law.

## COUNT XVII

*(Dilution Under NEW YORK GENERAL BUSINESS LAW § 360-l)*

395.     Nespresso incorporates the allegations set forth in paragraphs 1 – 394 of the Complaint as though set forth fully herein.

396.     Count XVII is for dilution under NEW YORK GENERAL BUSINESS LAW § 360-*l*.

397.     Nespresso has the exclusive right to use the Original NESPRESSO Capsule Trade Dress in United States commerce for the NESPRESSO Products.

398.     Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Trade Dress predate any rights that Defendant could establish in and to Defendant's Infringing Capsule Trade Dress.

399.     The Original NESPRESSO Capsule Trade Dress have acquired distinctiveness.

400.     The Original NESPRESSO Capsule Trade Dress is non-functional.

401.     Defendant's use of Defendant's Infringing Capsule Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation,

Defendant's Infringing Capsule) is likely to dilute the distinctive quality of the Original NESPRESSO Capsule Trade Dress such that Original NESPRESSO Capsule Trade Dress' established selling power and value, as well as its ability to exclusively identify Nespresso as the source of NESPRESSO Products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule) will be whittled away, and/or likely to dilute the reputation of the Original NESPRESSO Capsule Trade Dress, such that the Original NESPRESSO Capsule Trade Dress' established ability to indicate the superior quality of NESPRESSO Products featuring such Trade Dress (including, without limitation, the Original NESPRESSO Capsule), will be whittled away.

402.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Trade Dress for any purpose.

403.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRSSO Capsule Trade Dress prior to Defendant's adoption and use of its Infringing Capsule Trade Dress, and Defendant continues using its Infringing Capsule Trade Dress with actual knowledge of its infringing conduct.

404.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of Nespresso Products featuring the Original NESPRESSO Capsule Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

405.    Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of Defendant's Infringing Capsule Trade Dress, to which Defendant is not entitled at law or in equity.

406.    Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress dilution in violation of NEW YORK GENERAL BUSINESS LAW § 360-*l*.

407.    Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

408.    Nespresso has no adequate remedy at law.

## COUNT XVIII

*(Dilution Under NEW YORK GENERAL BUSINESS LAW § 360-l)*

409.    Nespresso incorporates the allegations set forth in paragraphs 1 – 408 of the Complaint as though set forth fully herein.

410.    Count XVIII is for dilution under NEW YORK GENERAL BUSINESS LAW § 360-*l*.

411.    Nespresso has the exclusive right to use the Original NESPRESSO Capsule Packaging Trade Dress in United States commerce for the NESPRESSO Products.

412.    Nespresso's exclusive rights in and to the Original NESPRESSO Capsule Packaging Trade Dress predate any rights that Defendant could claim in and to Defendant's Infringing Capsule  Packaging Trade Dress.

413.    The Original NESPRESSO Capsule Packaging Trade Dress is inherently distinctive.

414.    The Original NESPRESSO Capsule Packaging Trade Dress have acquired distinctiveness.

415.    The Original NESPRESSO Capsule Packaging Trade Dress is non-functional.

416.    Defendant's use of Defendant's Infringing Capsule Packaging Trade Dress in interstate commerce on, for, and/or in connection with the manufacturing, distribution, advertising, marketing, promotion, offering for sale, and/or sale of products (including, without limitation, Defendant's Infringing Capsule) is likely to dilute the distinctive quality of the Original NESPRESSO Capsule Packaging Trade Dress such that Original NESPRESSO Capsule Packaging Trade Dress' established selling power and value, as well as its ability to exclusively identify Nespresso as the source of NESPRESSO Products featuring the Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule) will be whittled away, and/or likely to dilute the reputation of the Original NESPRESSO Capsule  Packaging Trade Dress, such that the Original NESPRESSO Capsule Packging Trade Dress' established ability to indicate the superior quality of NESPRESSO Products featuring such Trade Dress (including, without limitation, the Original NESPRESSO Capsule), will be whittled away.

417.    Nespresso has not consented to Defendant's use(s) of the Infringing Capsule Packaging Trade Dress for any purpose.

418.    Based on the parties' long-standing relationship, Defendant had actual and constructive knowledge of Nespresso's superior rights in and to the Original NESPRSSO Capsule Packaging Trade Dress prior to Defendant's adoption and use of its Infringing Capsule Packaging Trade Dress, and Defendant continues using its Infringing Capsule Packaging Trade Dress with actual knowledge of its infringing conduct.

419.    Upon information and belief, Defendant copied, adopted, and/or uses the Infringing Capsule Trade Dress in furtherance of Defendant's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of Nespresso

Products featuring the famous Original NESPRESSO Capsule Packaging Trade Dress (including, without limitation, the Original NESPRESSO Capsule).

420. Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its use of Defendant's Infringing Capsule Packaging Trade Dress, to which Defendant is not entitled at law or in equity.

421. Upon information and belief, Defendant's acts and conduct complained of herein constitute trade-dress dilution in violation of NEW YORK GENERAL BUSINESS LAW § 360-*l*.

422. Nespresso has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

423. Nespresso has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful acts of Defendant set forth in each of the counts above, plaintiff Nespresso prays that the Court enter a judgment against Defendant:

(a) Preliminarily and permanently enjoining Defendant, its agents, servants, employees, officers and all persons in active concern and participation with them:

    i.    From using the NESPRESSO Marks or any marks similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of Defendant's Infringing Capsule;

    ii.    From using the Original NESPRESSO Capsule Trade Dress or any trade dress similar thereto (including, without limitation, Defendant's Infringing Capsule Trade Dress) in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the

manufacture, distribution, advertisement, promotion, holding for sale or selling of Defendant's Infringing Capsule;

iii.   From using any logo, trade name or trademark that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendant (including, without limitation, Defendant's Infringing Capsule) are sponsored by, authorized by or in any way associated with the Plaintiff Nespresso, the Nespresso brand, and/or any of the NESPRESSO Products (including, without limitation, the Original NESPRESSO Capsule);

iv.   From infringing Plaintiff Nespresso's exclusively licensed trademarks; or

v.   From falsely representing itself as being connected with, sponsored by or associated with Plaintiff Nespresso or the Nespresso® brand.

(b) Ordering the destruction of all unauthorized goods and materials bearing any copy or colorable imitation of the NESPRESSO Marks, Original NESPRESSO Capsule Trade Dress, and/or Original NESPRESSO Capsule Packaging Trade Dress.

(c) Pursuant to 15 U.S.C. § 1116(a), ordering Defendant to file with the Court and serve upon Nespresso's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(d) Finding that, by the acts complained of above, Defendant has infringed Nespresso's exclusively licensed federally NESPRESSO Marks in violation of 15 U.S.C. § 1114.

(e) Finding that, by the acts complained of above, Defendant has infringed Nespresso's Original NESPRESSO Capsule Trade Dress in violation of 15 U.S.C. § 1125(a).

(f)  Finding that, by the acts complained of above, Defendant has infringed Nespresso's Original NESPRESSO Capsule Packaging Trade Dress in violation of 15 U.S.C. § 1125(a).

(g)  Finding that, by the acts complained of above, Defendant has engaged in unfair competition, false designation of origin, false association, and/or false endorsement in violation of 15 U.S.C. § 1125(a).

(h)  Finding that, by the acts complained of above, Defendant has diluted Nespresso's famous Original NESPRESSO Marks in violation of 15 U.S.C. § 1125(c).

(i)  Finding that, by the acts complained of above, Defendant has diluted Nespresso's famous Original NESPRESSO Capsule Trade Dress in violation of 15 U.S.C. § 1125(c).

(j)  Finding that, by the acts complained of above, Defendant has engaged in trademark infringement, trade-dress infringement, unfair competition, and passing off in violation of New York common law.

(k)  Finding that, by the acts complained of above, Defendant has diluted the NESPRESSO Marks, the Original NESPRESSO Capsule Trade Dress, and the Original NESPRESSO Capsule Packaging Trade Dress, in violation of NEW YORK GENERAL BUSINESS LAW § 360-*l*.

(l)  Finding that the acts complained of above constitute willful infringement and dilution of the NESPRESSO Marks, the Original NESPRESSO Capsule Trade Dress, and the Original NESPRESSO Capsule Packaging Trade Dress.

(m) Finding that Defendant's acts complained of above render this case "exceptional" within the meaning of 15 U.S.C. § 1117.

(n) Ordering Defendant to provide Nespresso with a full accounting of all manufacture, distribution and sale of products under the NESPRESSO Marks (including, without limitation, Defendant's Infringing Capsule), including all profits derived therefrom.

(o) Ordering Defendant to provide Nespresso with a full accounting of all manufacture, distribution and sale of products featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule), including all profits derived therefrom.

(p) Ordering Defendant to provide Nespresso with a full accounting of all manufacture, distribution and sale of products packaging in Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule), including all profits derived therefrom.

(q) Ordering Defendant to pay Nespresso:

    i.   Defendant's profits for sale of the infringing goods offered under the NESPRESSO Marks (including, without limitation, Defendant's Infringing Capsule);

    ii.   Defendant's profits for sale of the infringing goods featuring Defendant's Infringing Capsule Trade Dress (including, without limitation, Defendant's Infringing Capsule);

    iii.   Defendant's profits for sale of the infringing goods packaged in Defendant's Infringing Capsule Packaging Trade Dress (including, without limitation, Defendant's Infringing Capsule);

    iv.   Treble actual damages in connection with Defendant's infringement of the Nespresso Marks; and

v.    Nespresso's costs and reasonable attorneys' fees incurred in this matter.

(j)  Awarding Nespresso pre-judgment and post-judgment interest against Defendant.

(k)  Awarding Nespresso such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Nespresso requests a trial by jury for all issues so triable pursuant to FED. R. CIV. P. 38(b) and 38(c).

Dated: May 9, 2019
    New York, New York

Respectfully submitted,

MAYER BROWN LLP

_A. John P. Mancini_
A. John P. Mancini
Jonathan W. Thomas
1221 Avenue of the Americas
New York, New York 10020-1001
Tel.: (212) 506 2500
Fax: (212) 262 1910
Email: JMancini@mayerbrown.com
Email: JWThomas@mayerbrown.com

Kristine M. Young (*pro hac vice to be filed*)
71 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 782-0600
Email: KYoung@mayerbrown.com

*Attorneys for Plaintiff Nespresso USA, Inc.*