**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: _11/4/2020_          │
└─────────────────────────────────┘
```

NESPRESSO USA, INC.,

    *Plaintiff,*

  v.           Civil Action No.: 19-cv-04223-LAP-KHP

WILLIAMS-SONOMA, INC.,

    *Defendant.*

<u>**STIPULATED PROTECTIVE ORDER**</u>

1.  **Good Cause Statement**

Disclosure and discovery activity in this action ("Action") are likely to involve production of highly confidential and sensitive financial or business information and/or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted.  Accordingly, pursuant to FED. R. CIV. P. 26(c), the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 13, below, that this Order creates no entitlement to file confidential information under seal.

## 2.     Definitions

2.1     <u>Party</u>: any party to this Action, including all of its officers, directors, and employees.

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>Trade Secret</u>:  information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.4     <u>"CONFIDENTIAL" Information or Items</u>: materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party (as defined herein) in good faith believes contain information that is and/or concerns: (1) confidential, sensitive, competitive, or potentially invasive of privacy interests, (2) not generally known, and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence. "CONFIDENTIAL" Information may include, without limitation, research and development information (including testing documentation, market and demographic research, and product and advertising development), and personnel information (including compensation, evaluations and other employment information).

2.5     "ATTORNEYS' EYES ONLY" Information or Items: materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party (as defined herein) in good faith believes contain information that is and/or concerns: (1) proprietary research and development and/or sensitive technical information; (2) sensitive business-related financial or commercial information (3) Trade Secrets; and/or (4) such other documents, information, or materials that relate to proprietary information that the Designating Party (as defined herein) reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Designating Party.  ATTORNEYS' EYES ONLY Information may include, without limitation, sensitive information relating to research for or production of products, including internal product specifications; sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations, sensitive commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures and advertising expenditures), sensitive business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents).

2.6     "OUTSIDE COUNSEL EYES ONLY" Information or Items: encompasses ATTORNEYS' EYES ONLY Information, but is reserved for the most sensitive information or items. This is a designation that shall be used sparingly, as appropriate.

2.7     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.9     <u>Designating Party</u>: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY."

2.10    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY."

2.11    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.12    <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.13    <u>Attorney or Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.14    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.      Scope**

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of the Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

4.      **Duration**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) business days after the final adjudication of this Action including appeals (or resolution through settlement), each Receiving Party shall destroy all Protected Material and submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) business day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  As used in this provision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts, written discovery responses, legal memoranda, correspondence (including email), and attorney work product, even if such materials contain Protected Material, provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed  by this Order. A Party need not destroy Protected Material that it designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE COUNSEL EYES ONLY. A Party that has disclosed Protected Material to those persons or entities identified in Paragraph 7 is responsible for ensuring that those persons and entities have destroyed such Material and shall include confirmation of the same in the written certification described above.

5.    **Designating Protected Material**

5.1    <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>.
Each Party or non-party that designates information or items for protection under this Order must
take reasonable care to limit any such designation to specific material that qualifies under the
appropriate standards.  A Designating Party must take reasonable care to designate for protection
only those parts of material, documents, items, or oral or written communications that qualify – so
that other portions of the material, documents, items, or communications for which protection is
not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated
for protection do not qualify for protection at all, or do not qualify for the level of protection
initially asserted, that Party or non-party must promptly notify all other Parties that it is
withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order
(*see*, *e.g.*, second paragraph of Paragraph 5.2(a), below), or as otherwise stipulated or ordered,
material that qualifies for protection under this Order must be clearly so designated before the
material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions
or other pretrial or trial proceedings), that the Producing Party affix the legend
"CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL EYES ONLY"
conspicuously on each page that contains protected material.  If only a portion or portions of the
material on a page qualifies for protection, the Producing Party also must clearly identify the
protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

each portion, the level of protection being asserted ( "CONFIDENTIAL" "ATTORNEYS' EYES ONLY" , or "OUTSIDE COUNSEL EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection only to the inspecting Party's Outside Counsel shall be deemed "OUTSIDE COUNSEL EYES ONLY."   After the inspecting Party's Counsel have identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY") conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY").

(b)     for testimony given in deposition or in other proceedings, that Counsel for the Party or non-party offering or sponsoring the testimony may invoke the protections of this Order by: (i) stating on the record before the close of the deposition, hearing, or other proceeding that some or all of the testimony is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, or that some of the testimony is designated OUTSIDE COUNSEL EYES ONLY; or (ii) designating the transcript or portions with such designations in writing within fifteen (15) business days after receipt of the final transcript. If such a designation is not made before the close

of the deposition, hearing, or other proceeding, all information disclosed during a deposition, hearing, or other proceeding shall be deemed ATTORNEYS' EYES ONLY for fifteen (15) business days after receipt of the final transcript. The court reporter shall affix conspicuously on each designated page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

Where, in good faith, it is anticipated by Counsel for the Party or non-party who is testifying that the response to a question or series of questions could qualify as "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" protection, then, on the record, Counsel for the testifying Party or non-party shall ask all Party representatives or non-parties to leave the deposition room during such testimony.  Upon the completion of the questioning that is believed to qualify for "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" protection, all Party representatives or non-parties shall be allowed to reenter the deposition room.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY."

(d)      Inadvertent Failures to Designate.  If any Producing Party discovers that it has inadvertently failed to designate and mark any Disclosure or Discovery Material as either "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL EYES ONLY"

the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party shall treat the disclosed Disclosure or Discovery Material as either "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Disclosure or Discovery Material.  Disclosure of such Disclosure or Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Disclosure or Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Disclosure or Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in the Order.

6.     **Challenging Confidentiality Designations**

        6.1     <u>Meet and Confer.</u>  Any Party may contest a claim of confidentiality.  Any Party objecting to the designation of any Disclosure or Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL EYES ONLY," or as set forth in Paragraph 7.3(f), must give Outside Counsel for the Producing Party written notice of its reasons for the objection.  The Producing Party will then have ten (10) business days after receipt of this notice to change the designation or respond in writing why the designation is appropriate.  Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may seek an order changing or removing the designation by the following the applicable rules and procedures governing discovery disputes in the: (i) Individual Rules of The Honorable Loretta A.

Preska and The Honorable Katharine H. Parker; (ii) Local Civil Rules of the United States District Court for the Southern District of New York; and (ii) Federal Rules of Civil Procedure. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL EYES ONLY," or as set forth in Paragraph 7.3(f), shall remain as such until the matter is resolved by Court order or agreement of the Producing Party.

6.2     No Waiver.  No Party to this Action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

**7.     Access to and use of Protected Material**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following final resolution of the Action, a Receiving Party shall comply with the provisions of Paragraph 4 above regarding the destruction of Protected Material.  Protected Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order, and the Receiving Party shall protect the confidentiality of Protected Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Protected Material or similar confidential material.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this Action (Mayer Brown LLP for plaintiff and Orrick Herrington & Sutcliffe LLP for defendant), and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Action;

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary;

(g) the author and named recipients of the document, persons who have previously had access to the documents or CONFIDENTIAL Information other than through discovery or disclosures in the Action, and the original source of the information;

(h) jury or trial consultants retained by a Party in this Action, providing that any such consultant is not an employee of a Party nor anticipated to become an employee in the near future;

(i)      mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party to this Action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

(j)      Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of record in this Action (Mayer Brown LLP for plaintiff and Orrick Herrington & Sutcliffe LLP for defendant), and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)      Experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      the Court and its personnel;

(d)      court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Action;

(e)     any person who authored and/or was an identified original recipient of the particular "ATTORNEYS' EYES ONLY" sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular "ATTORNEYS' EYES ONLY" sought to be disclosed to that deponent;

(f)     three In-House Counsel, identified in Exhibit B to this Order, and their support staff (secretary, paralegals, and clerical staff).

(g)     Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure;

(h)     jury or trial consultants retained by a Party in this Action, providing that any such consultant is not an employee of a Party nor anticipated to become an employee in the near future; and

(i)     mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party to this Action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror.

7.4     Disclosure of "OUTSIDE COUNSEL EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "OUTSIDE COUNSEL EYES ONLY" only to the parties noted in Paragraph 7.3(a)-(e) and (g)-(i) above.

Nothing herein, however, is intended to prohibit or proscribe the ability of Outside Counsel to provide to its client informed and meaningful advice, or to prevent Counsel from aggregating and generally summarizing Counsel's interpretation of the implications of such information as it relates to the Action, so long as it will not reveal or disclose the specific contents of any document or information designated as "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY."

**8.      Procedure for Disclosures to Experts**

Prior to disclosing CONFIDENTIAL Information, ATTORNEYS' EYES ONLY Information or OUTSIDE COUNSEL EYES ONLY Information to a Receiving Party's proposed Expert, the Receiving Party must provide to the Producing Party a signed Acknowledgment and Agreement To Be Bound in the form attached as Exhibit A, the resume or curriculum vitae of the proposed Expert, and the Expert's business affiliation. The Producing Party will thereafter have five (5) business days from receipt of the signed acknowledgment to object to any proposed Expert. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within five (5) business days constitutes approval. If the Parties are unable to resolve any objection within five (5) business days of receipt of the written objection, the Receiving Party may apply to the Court to resolve the matter. There will be no disclosure to any Expert during the five (5) business day objection period, unless that period is waived by the Producing Party, or if any objection is made, until the Parties have resolved the objection, or the Court has ruled upon any resultant motion.

9.      **Procedure for Disclosures to Other Persons**

If it becomes necessary for a Receiving Party's Outside Counsel to seek the assistance of any person, other than those persons referred to in Paragraph 7, and to disclose Protected Material to such person to properly prepare this Action for trial, the following procedures shall be employed:

(a)      Outside Counsel of the Receiving Party shall notify, in writing, Outside Counsel for the Producing Party, stating therein the specific Protected Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

(b)      If no objection to such disclosure is made by Outside Counsel for the Producing Party within five (5) business days of such notification, Outside Counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that Outside Counsel for the Receiving Party shall serve upon Outside Counsel for the Producing Party, prior to disclosure, an Acknowledgment and Agreement to be Bound in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order.  The acknowledgment shall be retained by Outside Counsel for the Receiving Party, with a copy forwarded to the other side, distributed upon final disposition of this Action as set forth in Paragraph 4; and

(c)      If, within five (5) business days, Outside Counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party.  Before filing such a motion, Outside Counsel for the Receiving Party shall meet and confer with Outside Counsel for the Producing Party in a good faith effort to resolve their differences.

**10.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this Action as "CONFIDENTIAL" "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" the Receiving Party shall notify the Designating Party, in writing promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11.    Unauthorized Disclosure of Protected Material**

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Protected Material under this Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material, and to bind such person to the terms of this Order.  In such

event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the "Acknowledgment and Agreement to be Bound" in the form shown in Exhibit A.

**12.    Disclosure of Privileged or Otherwise Protected Material**

If a Producing Party produces or provides in discovery any information that it believes is subject to a claim of attorney-client privilege, work-product immunity, or any other privilege, protection, or immunity, such action shall not constitute a waiver of the applicable privilege, protection, and/or immunity consistent with Federal Rules of Evidence 502(d).  The Producing Party may (promptly upon learning of such production) give written notice to the Receiving Party that the information is subject to a claim of such privilege, protection, or immunity and request that the information be destroyed by the Receiving Party.  Upon receiving written notice, the Receiving Party shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information, and any information incorporated into its own work product) within three (3) business days of receiving such written notice. The Receiving Party shall promptly provide to the Producing Party a written certification of the complete destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information). Destruction of the information by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the Receiving Party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production. The Receiving Party shall be entitled to prepare a record for its own use containing the date, the

author, address(es), and topic of the information and other such information as is reasonably necessary to identify the information and describe its nature to the Court in any motion to compel production of the information. Such a record of the identity and nature of the information may not be used for any purposes other than preparing a motion to compel production of that information in this Action. After the destruction, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

**13.    Filing Protected Material**

In the event that Counsel for any Party decides to file with or submit to the Court any Protected Material, Counsel shall provide written notice to the other Party and shall take appropriate steps to ensure the continuing confidentiality of the Protected Material. Counsel for the Party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules and Judge Katharine H. Parker's or Judge Loretta A. Preska's Individual Practices, as applicable. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. If a Party or non-party delivers any Protected Material to the Court marked "CONFIDENTIAL" under the terms of this Order, the document must be in a sealed envelope bearing the caption of this Action and a label containing the following:

**CONFIDENTIAL INFORMATION**

***Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 1:19-cv-04223 (S.D.N.Y. 2019)**

**This envelope, which is being filed under seal,**
**contains documents that are subject to a <u>Protective Order</u>**
**governing the use of confidential discovery material.**

If a Party or non-party delivers any Protected Material to the Court marked "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" under the terms of this Order, the document must be in a sealed envelope bearing the caption of this Action and a label containing the following:

**<u>CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY OR OUTSIDE COUNSEL EYES ONLY</u>**

***Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 1:19-cv-04223 (S.D.N.Y. 2019)**

**This envelope, which is being filed under seal,**
**contains documents that are subject to a <u>Protective Order</u>**
**governing the use of confidential discovery material.**

14.   **Notices**

All notices and written certifications required by this Order are to be served by email. The date by which a Party to this Action receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent, unless the email was sent after 5:00 pm Eastern Time, in which case it shall be computed from the next day.

15.   **Redactions**

The Parties agree that the procedures in this Order take the place of redactions of CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL EYES ONLY information and that no Party may redact or withhold a document exclusively on the basis that it contains CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL EYES ONLY information.

16.     **Miscellaneous**

16.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

16.3     <u>Effect of Designation on Authenticity and Admissibility</u>.  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this Action.

16.4     <u>Continuing Jurisdiction</u>.  All provisions of this Order shall continue to be binding after the conclusion of this Action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Order.

16.5     <u>Counsel's Right to Provide Advice</u>.  Nothing in this Order shall bar or otherwise restrict Counsel herein from rendering advice to the Counsel's party-client with respect to this Action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

16.6     <u>No Contract</u>.  To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The Parties' stipulation

shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

16.7    <u>Modifications</u>.  Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Order.  By agreeing to this Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. Nothing in this Order shall limit the Parties' ability to stipulate to the receipt of CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL EYES ONLY Information by a particular individual, to the manner in which an individual may receive such information, or to modifications to deadlines required by this Order.

16.8    <u>Effective Date</u>.  This Order shall be effective on the date the Court "So Orders" it, after which the Parties may produce documents and information and designate the material as either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 2, 2020          MAYER BROWN LLP

By: _____
A. John P. Mancini
Jonathan W. Thomas
1221 Avenue of the Americas
New York, New York 10020-1001
Tel.:  (212) 506 2500
Fax:  (212) 262 1910
Email:  JMancini@mayerbrown.com
Email:  JWThomas@mayerbrown.com

Adam L. Hudes (*pro hac vice*)
1999 K Street, NW
Washington, D.C. 20006
Tel.: (202) 263 3298
Email:  AHudes@mayerbrown.com

Kristine M. Young (*pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 782 0600
Email:  KYoung@mayerbrown.com

*Attorneys for Plaintiff Nespresso USA, Inc.*

Dated: November 4, 2020

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

Elizabeth E. Brenckman
51 West 52nd Street
New York, New York 10019-6142
Tel.: (212) 506 3535
Email:  ebrenckman@orrick.com

Sheryl Koval Garko (*pro hac vice*)
222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel.: (617) 880 1919
Email:  sgarko@orrick.com

*Attorneys for Defendant Williams-Sonoma, Inc.*

23

It is **SO ORDERED** this <u>4th</u> day of November, 2020

_____
The Honorable Katharine H. Parker
United States Magistrate Judge,
S.D.N.Y.

## EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of ____-

_____ [print or type full

company name and address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Southern District of New York on _____ [date] in the case of *Nespresso USA,*

*Inc. v. Williams-Sonoma, Inc.*, 1:19-cv-04223-LAP-KHP. I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:  _____

25

# EXHIBIT B

Subject to Paragraph 7.3(f), the Parties designate the following In-House Counsel:

|  | Access to "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" Information |
| --- | --- |
| Nespresso USA, Inc. Counsel | Doug Besman<br><br>Christa Cole<br><br>Barbara Sanchez |
| Williams-Sonoma, Inc. Counsel | Danielle Hohos<br><br>David King<br><br>Shannon King |