```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:                          │
│ DATE FILED:    12/18/2020       │
└─────────────────────────────────┘
```

December 17, 2020

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**SO ORDERED:**

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
**12/18/2020**

Re:   *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 1:19-cv-04223-LAP-KHP

Dear Judge Parker:

<u>Pursuant to Section III(d) of the Court's Individual Practices, Nespresso USA, Inc. ("Nespresso") and Williams-Sonoma, Inc. ("WS") jointly request permission to redact and file under seal portions of the parties' December 17, 2020 Joint Letter and one of the corresponding exhibits (together, "Joint Letter"). These documents contain information that Nespresso has designated as "Outside Counsel Eyes Only" under the Court's Protective Order. *See* Dkt. No. 64. Therefore, the parties respectfully request that that they be able to redact and file those documents partially under seal.</u>

Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, the parties seek to seal only the specific confidential data at issue in the Joint Letter. As set forth below, these proposed redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While the parties do not contest that the Joint Letter is a judicial document, the information they seek to seal relate to material passed between the parties in discovery. As such, the presumption of public access is low. *Bernstein,* 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached"). Here, the confidential information in question is highly sensitive. Specifically, the Joint Letter references highly-sensitive

business-related commercial agreements concerning Nespresso's licensing, marketing and distribution activity that constitute "Outside Counsel Eyes Only" information under the terms of the Court's Protective Order.  Where, as here, redactions are applied narrowly only to specific confidential information that was designated as Outside Counsel Eyes Only under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal. *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig*., No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Intel) Co. v. Intel Watch Grp., Inc.,* No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Nespresso has significant privacy interests in the information concerning its confidential agreements.

As such, the parties' proposed redactions to the Joint Letter are appropriate and narrowly tailored to protect Nespresso's interests under *Lugosch*, 435 F.3d at 120, and the parties respectfully request that the Court redact and seal the identified portions therein.

Concurrent with this letter motion and in accordance with Section III(d) of the Court's Individual Practices, the parties have contemporaneously: (a) publicly filed the documents with the proposed redactions; and (b) electronically filed under seal copies of the unredacted documents with the proposed redactions highlighted.

Sincerely,

MAYER BROWN LLP

By: *s/A. John P. Mancini/*
A. John P. Mancini
Jonathan W. Thomas
1221 Avenue of the Americas
New York, New York 10020-1001
Tel.:  (212) 506 2500
Fax:  (212) 262 1910
Email:  JMancini@mayerbrown.com
Email:  JWThomas@mayerbrown.com

Adam L. Hudes (*pro hac vice*)
1999 K Street, NW
Washington, D.C. 20006
Tel.: (202) 263 3298
Email:  AHudes@mayerbrown.com

Kristine M. Young (*pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 782 0600
Email:  KYoung@mayerbrown.com

*Attorneys for Plaintiff Nespresso USA, Inc.*


ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Elizabeth E. Brenckman/*
Elizabeth E. Brenckman
51 West 52nd Street
New York, New York 10019-6142
Tel.: (212) 506 3535
Email:  ebrenckman@orrick.com

Sheryl Koval Garko (pro hac vice)
222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel.: (617) 880 1919
Email:  sgarko@orrick.com

*Attorneys for Defendant Williams-Sonoma, Inc.*