**MAYER | BROWN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/26/2021

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Gina M. Parlovecchio**
Partner
T: +1 212 506 2522
F: +1 212 849 5522
gparlovecchio@mayerbrown.com

January 25, 2021

**BY ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> **APPLICATION DENIED:** The Case Management Conference scheduled for **Friday, January 29, 2021 at 12:00 p.m.** will proceed as scheduled.
>
> *[signature]*
> KATHARINE H. PARKER
> United States Magistrate Judge
> 01/26/2021

Re:   Adjournment of Status Hearing – *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-cv-04223-LAP

Dear Judge Parker:

We write on behalf of Nespresso USA, Inc. ("Nespresso") in the above-referenced matter to respectfully request that the status hearing currently scheduled for January 29, 2021 be adjourned or consolidated with the next status hearing currently scheduled for February 4, 2021. Despite Nespresso's efforts to reach an agreement with Williams Sonoma ("WS"), WS objects to this request.

In a Joint Letter dated January 8, 2021 ("Joint Letter"), Nespresso requested an additional status conference after the deadline for substantial completion of document discovery (January 21, 2021) in light of the fact that WS had produced its promised "substantial production" of documents nearly a week late, on December 28, 2020. After filing the Joint Letter, on the evening of Monday, January 11, 2021, WS sent an email to Nespresso noting that it had inexplicably misplaced 30,000 documents and would be producing them later that week. Of course, at the time, it was unclear to Nespresso whether 30,000 meant 30,000 pages or 300,000 pages. WS produced the link to its production in the midst of the status hearing on January 13, while the parties were engaged with the Court.[1] At the end of the hearing, Nespresso learned that WS's production contained 200,000

---

[1] Notably, Nespresso received another surprise during the status hearing on January 13: That WS intended to move to quash Nespresso's subpoena to Belmoca. Although WS had notice of this subpoena two days prior to the status hearing, it neglected to raise its concerns about the subpoena with Nespresso; instead Nespresso first heard about them at the hearing. As a result, at the time Nespresso requested an additional status hearing on January 29, it did not realize that it would also have its resources diverted to responding to a motion in addition to assessing the nature and adequacy of more than 210,000 pages within the span of a week and a half.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

739815239.1

Hon. Katharine H. Parker
January 25, 2021
Page 2

pages – two thirds of the total number of documents WS had produced to date. WS produced another set of documents totaling 11,000 pages on January 21, 2021. While Nespresso is pleased to finally have discovery from WS after two months of receiving nothing, the entire purpose of a discovery schedule is to allow the parties to produce documents on a reasonable rolling basis to allow time to discuss inadequacies. Nespresso has been deprived of that opportunity at every turn. Instead, WS has produced a deluge of documents at the eleventh hour, which has given Nespresso little opportunity to make headway in identifying areas for follow-up.

During the status conference on January 13, the Court directed the parties "to, after reviewing the supplemental production to meet and confer and to tee up issues in a joint letter two business days prior" and the court stated it "want[ed] to give you some time to review the productions and meet and confer." Tr. 12:13-17. The Court further advised that at the January 29 status hearing "we'll just focus on the production issues on that call." Tr. 12:20-21. Given the production obstacles detailed above, Nespresso has been unable to meet this objective. Assuming that Nespresso now has almost the entirety of WS's production, it would be most efficient to have a single hearing that addresses all of WS's documents. To do that, however, more time is needed beyond this Friday.

On January 25, 2021, Nespresso attempted to reach an agreement with WS to request that the Court remove the January 29 hearing from the court's calendar, which would give the parties additional time to explore and resolve their respective discovery concerns. Nespresso assured WS that it would be in a position to respond to, and resolve, several of WS's outstanding discovery requests this week, before the date of the January 29 hearing, thereby rendering many of WS's issues moot.[2] WS would not agree. Instead, WS represented that it would make any agreement to adjourn the January 29 hearing contingent on Nespresso producing a tangentially-related agreement between Nespresso and an unrelated third party by January 29 that (1) WS had never requested before, and (2) counsel for Nespresso has never heard of and does not even know if Nespresso has in its possession, custody or control. It was thus clear that the parties were at an impasse as to an adjournment.

For the foregoing reasons, and in the interest of judicial economy, an adjournment is warranted. The additional four business days will enable (1) Nespresso to have an opportunity to assess the scope and adequacy of WS's production; and (2) the parties to further resolve their outstanding issues, several of which will be resolved before February 4. WS will not be prejudiced

---

[2] For example, among the issues Nespresso advised WS it would be able to resolve this week include providing its supplemental response to WS's interrogatories 5 & 8 and producing the predecessor to the limited risk distribution agreement. Nespresso also advised that it is making strides to address some of WS's other discovery requests, but needed additional information to provide a definitive answer.

739815239.1

by this request given that the conclusion of fact discovery is not until March 29, more than seven weeks after the next hearing.

                                      Respectfully submitted,

                                      */s/Gina M. Parlovecchio*
                                      Gina M. Parlovecchio

Enclosure
cc:    All Counsel of Record (via ECF)

739815239.1