```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2021
```

# orrick

January 28, 2021

*Via ECF*

Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116-3740

+1 617 880 1800
**orrick.com**

**Sheryl Koval Garko**

E  sgarko@orrick.com
D  +1 617 880 1919
F  +1 617 880 1801

The Honorable Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Nespresso USA, Inc. v. Williams-Sonoma, Inc., 1:19-cv-04223-LAP-KHP

Dear Judge Parker:

Pursuant to Section III(d) of the Court's Individual Practices and for one of the same reasons cited in the Letter Motion to Seal (Dkt. No. 88) that the Court granted (Dkt. No. 92), Williams-Sonoma, Inc. ("WS") respectfully requests permission to redact and file under seal portions of WS's January 28, 2021 letter to the Court responding to Nespresso USA, Inc.'s January 27, 2021 letter (the "Letter"). The Letter contains highly sensitive, non-public information concerning discussions that took place during the parties' confidential settlement negotiations in 2020. Therefore, WS respectfully requests that the Court permit WS to redact and file the Letter under seal.

Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, WS seeks to seal only the specific confidential information related to the parties' discussions during their settlement negotiations. As set forth below, these proposed redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While WS does not dispute that the Letter is a judicial document, the information that WS seeks to seal relates to material entitled to protection under Rule 408 of the Federal Rules of Evidence. As such, the presumption of public access is low. *See, e.g.,*



*Travelers Indem. Co. v. Liberty Medical Imaging Associates, P.C.*, No. 07-CV-2519 (CPS)(JMO), 2009 WL 962788, at *2 (E.D.N.Y. Apr. 8, 2009) ("[I]n this case, the parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings, especially given the apparent lack of prejudice to any particular party should the record remain sealed.") (declining to unseal portions of submissions that contained "specific information concerning confidential settlement agreements"); *Government Employees Ins. Co. v. Lurie*, 15-CV-05199 (MKB) (RLM), 2019 WL 276201 *1 n.2 (E.D.N.Y. Jan. 22, 2019) (noting that "confidential settlements" were filed under seal); *Perez v. Beres Bar & Pub, Inc.*, No. 16-CV-1729 (ILG), 2016 WL 8711057, at *3 (E.D.N.Y. Nov. 4, 2016) (sealing "defendant's response" that improperly "disclosed information concerning the parties' confidential settlement communications" and granting "plaintiff's request to seal his Motion to Strike"). Here, the redactions are applied narrowly only to specific information that was discussed during the parties' settlement negotiations, and the presumption of public access is therefore low.

Turning to the second portion of the *Lugosch* test, WS has significant privacy interests in the information concerning the parties' confidential settlement negotiations.

As such, WS's proposed redactions to the Letter are appropriate and narrowly tailored to protect WS's interests under *Lugosch*, 435 F.3d at 120, and WS respectfully requests that the Court redact and seal the identified portions therein.

Concurrent with this letter motion and in accordance with Section III(d) of the Court's Individual Practices, WS is contemporaneously: (a) publicly filing the January 28, 2021 letter to the Court with the proposed redactions; and (b) electronically filing under seal copies of the unredacted January 28, 2021 letter with the proposed redactions highlighted.

Sincerely,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Sheryl Koval Garko*
Sheryl Koval Garko (pro hac vice)
222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel.: (617) 880 1919
Email: sgarko@orrick.com

Elizabeth E. Brenckman
51 West 52nd Street

> The Court respectfully requests that the Clerk of Court place ECF No. 101 under seal, limiting access to the parties and the Court.

APPLICATION GRANTED

*Katharine H. Parker* (signature)

Hon. Katharine H. Parker, U.S.M.J.

Date: January 29, 2021



New York, New York 10019-6142
Tel.: (212) 506 3535
Email:  ebrenckman@orrick.com
*Attorneys for Defendant Williams-Sonoma, Inc.*


Cc: All Counsel of Record


`