**MAYER | BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2021

February 3, 2021

Gina M. Parlovecchio
Partner
T: +1 212 506 2522
F: +1 212 849 5522
GParlovecchio@mayerbrown.com

**BY ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Nespresso USA, Inc. v. Williams-Sonoma, Inc. LLC*, No. 1:19-cv-04223-LAP-KHP

The Court respectfully requests that the Clerk of the Court place the documents filed at ECF Nos. 98 and 111 under permanent seal, limiting access to the parties and the Court.

APPLICATION GRANTED

*Katharine H. Parker*
Hon. Katharine H. Parker, U.S.M.J.
Date: February 4, 2021

Dear Judge Parker:

    Pursuant to Section III(d) of the Court's Individual Practices, Nespresso USA, Inc. ("Nespresso") respectfully requests permission to redact and file under seal select portions of Nespresso's January 27, 2021 letter (the "Letter Motion"). The Letter Motion contains non-public, sensitive information related to confidential settlement negotiations. Nespresso has discussed and agreed upon the proposed redactions with Williams-Sonoma.

    Nespresso's proposed redactions—which are limited to information related to confidential settlement negotiations and reflect similar information sealed in prior filings in this case (*See, e.g.,* Dkts. 92; 103)—are consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch*, courts in the Second Circuit apply a three-step balancing test to determine whether to seal a document. The initial inquiry is whether the material is a "'judicial document[].'" *Lugosch*, 435 F.3d at 119. If so, the Court must then assign a weight of the presumption of public access to the documents under the common law and First Amendment. The final step is to consider competing factors that counterbalance the weight of the presumption, such as the privacy interests of the party resisting disclosure. *Id*. at 119-20.

    The Letter Motion is a judicial document. The information that Nespresso seeks to seal, however, relates to material entitled to protection under Rule 408 of the Federal Rules of Evidence. Moreover, some of the material is deemed confidential under Section 2 of the SDNY Procedures of the Meditation Program. As such, the presumption of public access is low. *See, e.g., Travelers Indem. Co. v. Liberty Medical Imaging Associates, P.C.*, No. 07-CV-2519 (CPS)(JMO), 2009 WL 962788, at *2 (E.D.N.Y. Apr. 8, 2009) (finding "the parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings, especially given the apparent lack of prejudice to any particular party should the record remain sealed"). The presumption of public access is further outweighed by the fact that the redactions are narrowly tailored to apply to the specific information that was

addressed during settlement negotiations. Further, the parties have significant privacy interests in protecting information that was discussed during settlement negotiations.

In light of the foregoing—and given the fact that Nespresso's proposed redactions are appropriate and narrowly tailored to protect the parties' interests—<u>Nespresso respectfully requests that the Court redact and seal the identified portions therein.</u> Consistent with Section III(d) of the Court's Individual Practices, Nespresso will (a) publicly file the Letter Motion with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.

Sincerely,

By: <u>/s/ Gina M. Parlovecchio</u>
A. John P. Mancini
Gina M. Parlovecchio
Jonathan W. Thomas
1221 Avenue of the Americas
New York, New York 10020-1001
Tel.: (212) 506 2500
Fax: (212) 262 1910
Email: JMancini@mayerbrown.com
Email : GParlovecchio@mayerbrown.com
Email: JWThomas@mayerbrown.com

Adam L. Hudes (*pro hac vice*)
1999 K Street, NW
Washington, D.C. 20006
Tel.: (202) 263 3298
Email: AHudes@mayerbrown.com

Enclosures
cc:    All Counsel of Record (via ECF)