

March 8, 2021

*Via ECF*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2021
```

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Elizabeth E. Brenckman**

E  ebrenckman@orrick.com
D  +1 212 506 3535
F  +1 212 506 5151

The Honorable Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Nespresso USA, Inc. v. Williams-Sonoma, Inc., 1:19-cv-04223-LAP-KHP

Dear Judge Parker:

Pursuant to Section III(d) of the Court's Individual Practices and for similar reasons cited in the parties' Joint Letter Motion to Seal (Dkt. No. 76) that the Court granted (Dkt. No. 79), Nespresso USA, Inc. ("Nespresso") and WS jointly request permission to file under seal two exhibits to WS's March 8, 2021 Letter Motion to Judge Parker (the "Exhibits"). The Exhibits contain information that Nespresso has designated as "Attorneys' Eyes Only" under the Court's Protective Order.  *See* Dkt. No. 64.  Therefore, the parties respectfully request that they be able to file those documents under seal.

As set forth below, filing these two Exhibits under seal is consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While the parties do not dispute that the Exhibits are judicial documents, the information that the parties seek to seal relates to material entitled to as material passed between the parties in discovery.  As such, the presumption of public access is low. *See, Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not



attached"). Here, the emails that the parties seek to seal are highly confidential business communications of Nespresso's, and the presumption of public access is therefore low. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Intel) Co. v. Intel Watch Grp., Inc.,* No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Nespresso has significant privacy interests in the information contained in its confidential communications.

As such, filing these two Exhibits under seal is appropriate and narrowly tailored to protect Nespresso's interests under *Lugosch*, 435 F.3d at 120, and the parties respectfully request that the Court seal the Exhibits.

Concurrent with this letter motion, WS is contemporaneously: (a) publicly filing "slip sheets" in place of the Exhibits; and (b) electronically filing under seal copies of the full Exhibits.

Sincerely,


ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Elizabeth E. Brenckman*
Elizabeth E. Brenckman
51 West 52nd Street
New York, New York 10019-6142
Tel.: (212) 506 3535
Email: ebrenckman@orrick.com

Sheryl Koval Garko (pro hac vice)
222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel.: (617) 880 1919
Email: sgarko@orrick.com

*Attorneys for Defendant Williams-Sonoma, Inc.*

MAYER BROWN LLP

By: */s/ Gina M. Parlovecchio*
A. John P. Mancini
Gina M. Parlovecchio

> For the same reasons cited by the Court at ECF No. 143, the parties' request is hereby GRANTED. Accordingly, the Court respectfully requests that the Clerk of Court ensure that the document filed at ECF No. 149 remains sealed, with access limited to the parties and the Court.

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Date: March 9, 2021



Jonathan W. Thomas
1221 Avenue of the Americas
New York, New York 10020-1001
Tel.: (212) 506 2500
Fax: (212) 262 1910
Email: JMancini@mayerbrown.com
Email : GParlovecchio@mayerbrown.com
Email: JWThomas@mayerbrown.com

Adam L. Hudes (pro hac vice)
1999 K Street, NW
Washington, D.C. 20006
Tel.: (202) 263 3298
Email: AHudes@mayerbrown.com

Attorneys for Plaintiff Nespresso USA, Inc.