UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NESPRESSO USA, INC.,

                        Plaintiff,

       -against-

WILLIAMS-SONOMA, INC.,

                        Defendant.

-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 5/6/2021

**ORDER ON MOTIONS TO SEAL**

19-cv-4223 (LAP) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Before the Court are various motions to redact and/or seal documents filed in connection with discovery matters in the above-captioned case. The party seeking redaction in each instance bears the burden of justifying the proposed redactions. That said, none of the motions to seal addressed in this Order are disputed by the non-moving party. The Court will address each motion in turn below after laying out the applicable law.

### Applicable Law

As the parties recognize in their submissions, the public has a "general right to inspect and copy public records and documents including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Once determined, the weight of the presumption is balanced against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure," among other factors.

*Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049) (internal quotation marks omitted).

In addition to this common law right of access, the public has an even stronger First Amendment right of access to judicial documents. *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). In order to determine whether the First Amendment right of access attaches, the Court must consider: "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *Id.* (quoting *Lugosch*, 435 F.3d at 120). If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Erie*, 763 F.3d at 239 (internal alteration omitted).

As opposed to such judicial documents, however, documents passed between parties (or the Court) in discovery "lie entirely beyond the presumption's reach." *Amodeo*, 71 F.3d at 1050. Even when the Court assesses such documents in the context of a discovery motion, such as a motion to compel, the documents remain non-judicial. *Uni-Systems v. United States Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020). Further, "[w]hen discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have

reasonably relied.'" *Id.* at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

**<u>ECF No. 153:</u>**

First, Plaintiff Nespresso USA, Inc. ("Nespresso") seeks the redaction and sealing of its moving brief and documentary exhibits filed in support of its motion to compel documents being withheld by Defendant Williams-Sonoma, Inc. ("Williams-Sonoma") under the common interest doctrine. The Court has reviewed Nespresso's submission in support of the redaction requests (ECF No. 153,) as well as the proposed redactions themselves.

Having reviewed the relevant documents, the Court finds that Nespresso seeks to redact information pertaining to confidential settlement negotiations between the parties to this litigation. Given these circumstances and the Court's active role in supervising these settlement negotiations, the Court finds that the proposed redactions are warranted. Indeed, "the parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings, especially given the apparent lack of prejudice to any particular party should the record remain sealed." *Travelers Indem. Co. v. Liberty Med. Imaging Assocs.*, No. 7-cv-2519 (CPS) (JMO), 2009 WL 962788, at *2 (E.D.N.Y. Apr. 8, 2009).

That said, Nespresso's sealed filing at ECF No. 158 mistakenly omits the proposed sealed exhibits in support of Nespresso's motion. Thus, the Court is unable to evaluate whether those documents should be filed under seal as a matter of law. Accordingly, Nespresso must refile Exhibits E and G to the Declaration of Gina M. Parlovecchio, which were mistakenly omitted

from ECF No. 158, under seal for the Court's review. The Court will then rule on that related sealing application after review of the underlying documents.

**ECF No. 168:**

Second, Williams-Sonoma seeks the redaction and sealing of its opposition brief and the documentary exhibits filed in opposition to Nespresso's motion to compel, discussed above. The Court has reviewed Williams-Sonoma's submission in support of the redaction requests (ECF No. 168,) as well as the proposed redactions themselves.

For the same reasons as those set forth above, the Court finds that Williams-Sonoma seeks to redact information pertaining to confidential settlement negotiations between the parties to this litigation and that the proposed redactions are warranted given the circumstances. Furthermore, Williams-Sonoma also seeks to redact and seal all references to a Foreign Vendor Agreement between Williams-Sonoma and Belmoca. This agreement and other related communications produced in discovery have been designated as "Confidential" or "Attorneys' Eyes Only" under the parties' protective order. Accordingly, Williams-Sonoma may redact any references to these documents and communications in its submissions at this stage of the case.

**ECF Nos. 175 & 185:**

Third, both ECF No. 175 and ECF No. 185 involve joint requests that certain submissions in connection with Williams-Sonoma's objections to the undersigned's March 12, 2021 Discovery Order be redacted and sealed. Given that the objections are before the Hon. Loretta A. Preska, the parties understandably submitted these motions to seal in accordance with Judge

Preska's individual rules. However, pursuant to Judge Preska's referral of this case for General Pretrial Management (ECF No. 51,) the undersigned will resolve these motions and the parties are hereby directed to submit, under seal, the highlighted proposed redactions sought in the relevant documents. Once the Court receives the proposed redactions and sealings, the Court will rule on ECF Nos. 175 and 185.

**ECF No. 195:**

Fourth, the parties jointly request that certain portions of Williams-Sonoma's April 27, 2021 letter motion for a pre-motion conference be redacted and that related exhibits filed therewith be sealed in their entirety. The parties have verified that the letter motion references information passed between the parties in discovery and that the documents have been designated as "Outside Counsel Eyes Only" or "Attorneys' Eyes Only" under the parties' protective order. The Court agrees that this information and the documents can be redacted and filed under seal. *Bernstein v. Bernstein Litowitz Berger & Grossman LP*, 814 F.3d 132, 142 (2d Cir. 2016).

Moreover, the Court has reviewed the subject documents and finds that the information at issue concerns sensitive business information and marketing strategies that, if disclosed, could materially harm the parties involved. The Court also notes that the proposed redactions at issue in this motion are narrowly tailored to preserve the parties' privacy and business interests. Accordingly, the Court will grant this motion to seal in its entirety.

### Conclusion

For the reasons stated above, the Court finds that some of the parties' various requests for sealing and redactions should be GRANTED.  **Accordingly, the Court hereby grants ECF Nos. 153, 168, and 195, but only to the extent set forth above.**  Nespresso should refile Exhibits E and G to the Declaration of Gina M. Parlovecchio, previously filed at ECF No. 158, under seal by **May 12, 2021** so that the Court can assess whether those documents should be sealed from public view.  The parties should also file, under seal, the proposed sealings and redactions related to the motions to seal previously submitted to Judge Preska, per the Court's guidance above.  **Finally, the Court respectfully requests that the Clerk of Court ensure that the documents filed at ECF Nos. 157, 170, 172, 174, 197, and 199 remain under seal, with access limited to the parties and the Court.**

SO ORDERED.

Dated: May 6, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge